## HARVEY V. STATE.

Decided October 11, 1890.

*Burglary—Intent to commit rape on a woman asleep.*

If a man burglariously enters a house with intent to have connection with a woman while she is asleep, he is guilty of burglary.

APPEAL from *Pulaski* Circuit Court.

J. W. MARTIN, Judge.

*Marshall & Coffman* for appellant.

1.   The evidence is sufficient to identify defendant, or to show an attempt to commit rape.

2.   To constitute rape in this State force must be used. Fraud or strategy is not sufficient.   Even if appellant's intent was to effect his purpose while Mrs. Dean was asleep, he would not be guilty of the offense charged.   See 13 Ark., 373; 11 Ark., 409; 86 N. C., 659; 73 Iowa, 255; 74 Mo., 24; 12 Tex. App., 196; 14 Gray, 415; 30 Ala., 54; 9 S. W. Rep., 609; 11 Tex. App., 116; 5 S. W., 511; 43 Tex., 583; 53 Ala., 453.

*W. E. Atkinson*, Attorney General, and *T. D. Crawford* for appellee.

The testimony was sufficient to induce the jury to believe that appellant's intention was to commit rape.   Compare 35 Ga., 263; 13 Ired., 246.

The case of *Charles v. State*, 11 Ark., 390, is not in point, but, if it were, the *dictum* of the court in that case is not sustained by any good authority.   If he intended to effect his purpose *while she was asleep*, he would be guilty of rape.   3 Whart. & Stille, Med. Jur., sec. 605; 1 Whart., Cr. Law, sec. 561; 12 Cox, C. C., 311; 14 Cox, C. C., 114.

HUGHES, J.   The appellant was tried in the Pulaski circuit court upon an indictment containing two counts, in the first of which he is charged with burglary committed with the intent to steal, and in the second of which he is charged with burglary committed with the intent to commit rape.   He was convicted on the second count, filed a motion for a new trial, which was overruled, and appealed to this court.

The evidence in the case was circumstantial, and it is contended for appellant that it was neither sufficient to identify the person, who entered the house, as the appellant, nor to show the intent with which the entry was made.   Upon the question of the identity of the appellant as the person who entered the house, we think there was sufficient evidence to support the verdict of the jury.   Upon the question of the intention of the defendant in entering the house, the testimony shows that he entered it at about or after 12 o'clock at night, and that when discovered he retired through a window which was closed and the blinds to which were fastened, when the woman who was assaulted went to bed in the early part of the night, and that a slat in the blinds had been cut, so as to admit a hand to unfasten them.  The testimony further showed that Mrs. Eva Dean was sleeping in the front room of the house of Mrs. Foster on that night with her little boy who was sick;  and that Foster and his wife were in an adjoining room in bed;  that about 12 o'clock Mrs. Dean, upon whom the assault is charged to have been made, was awakened from sleep by some one breathing hard right over or near her face and touching a private part of her person.   She screamed, and saw a broad-shouldered man getting out of the window.   There was a lamp burning in the adjoining room occupied by Foster, who had at intervals that night been handing in medicine to Mrs. Dean for her sick boy through a door, which stood ajar between the two rooms.

The appellant was a stranger to Mrs. Dean, and could

not have reasonably supposed that she would consent to sub-
mit to his embraces.    He evidently must have known that
she was asleep at the time he stood over her with his face
near hers, and touched a private part of her person.    We
think the evidence was sufficient to warrant the jury in be-
lieving that it was the intention of appellant in entering the
room to have sexual intercourse with Eva Dean, without her
consent and while she was asleep, and that the assault upon
her person was made with that intent.    As we understand
the law, this constituted burglary with the intent to commit
rape.    "Rape is the carnal knowledge of a female, forcibly
and against her will."    Mansf. Dig., sec. 1568.    We have
considered the cases of *Sullivant v. The State*, 8 Ark., 400,
and *Charles v. The State*, 11 Ark., 390, and cannot assent to
the doctrine of the latter cases that, if the prisoner designed
to accomplish his purpose while the woman was asleep, he
was not guilty of an attempt to commit rape.

We think the more reasonable and the correct doctrine
is laid down in *Reg. v. Mayers*, 12 Cox, Cr. Cases, 311,
which is in substance that, "if a man has or attempts to have
connection with a woman while she is asleep, it is no defense
that she did not resist, as she is incapable of resisting.    The
man can therefore be found guilty of a rape, or of an at-
tempt to commit a rape."    In this case, Lush, J., said to
the jury: "Therefore, what you must consider is this—did
the prisoner come into the prosecutrix's room with the in-
tention of having connection with her while she was asleep?
*    *    *    *    If he did have connection with her while she
was asleep he is guilty of rape; if he only attempted to do
so he is guilty of the attempt."

As to the other questions raised in the case, we do not
think they are material, and we therefore decline to discuss
them.

The judgment is affirmed.