## BUNYON PAYNE v. THE STATE.

No. 1744. Decided December 22, 1897.

**1. Rape by Fraud in Personating the Husband—Indictment.**

An indictment which charges a rape by fraud in personating the husband, in order to be sufficient, must allege that the injured female is a married woman and not the wife of defendant. And, while it is not necessary to allege the name of her husband, it would be the better practice to do so.

**2. Same—"Stratagem"—Construction of Statute.**

Article 636, Penal Code, denouncing the offense of rape by fraud in personating a husband, makes it essential that the defendant use some "stratagem" by which the woman is induced to believe the offender is her husband. Held, it is absolutely necessary, in order to constitute this offense, that the defendant resort to some device or stratagem, some artifice or trick intending to deceive the prosecutrix and make her believe that he is her husband; and not only so, but the effect of his strata-

gem must be to deceive and impose upon her and make her believe that he is her husband at the time the act is committed, and by this means gain her consent to the copulation.

**3.  Same—Rape by "Force."**

Where the defendant commits a rape upon a married woman, who is sleeping in bed with her husband, and she makes no resistance, believing him to be her husband, the crime is rape by force and not by fraud.

Appeal from the District Court of Callahan. Tried below before Hon. T. H. Conner.

Appeal from a conviction of rape, penalty assessed being five years imprisonment in the penitentiary.

The indictment is set out in the opinion, as is also a statement of the material facts proved. The charge of the court submitted only a rape by fraud.

*J. E. Thomas,* for appellant.—If rape is established in this case, it must be by means of fraud as defined in article 636, Penal Code, and further defined by this court in the cases of King v. State, 22 Texas Criminal Appeals, 650, and Mooney v. State, 29 Texas Criminal Appeals, 257. In the latter case it is correctly held, "that the stratagem must be such as to induce the woman to believe, and she must believe, that the offender was her husband." What is the stratagem used, and when must it be employed? It must precede or be at the time of the intercourse. No subsequent act could produce such an effect.

The testimony in this case shows that the intercourse had was, in the purview of the law, complete before the woman awoke. If so, then no act of appellant could have induced her to believe that he was her husband prior to the time of her awakening. She says: "I awoke and saw defendant; he was on top of me; I did not then know who he was; he had my clothes up. I tried to get him to get off; he had intercourse with me; had already commenced when I woke up; I was lying partially on my side or shoulder when I awoke; the defendant was then on top of me; he had pulled up my clothes; got between my legs and was having intercourse with me when I awoke." Now, nothing has been said. Does the act of appellant as stated by the woman constitute a stratagem? Where the act, trick, or device? If a stratagem, did it or could it have operated upon the mind of the woman, she being asleep, so as to induce and make her believe she was having intercourse with her husband?

To constitute the offense charged, there must be something more than the act of copulation. Appellant must in some way represent the husband, and such representation must operate on her mind and induce the belief that the party is her husband.

This case differs from both the Ledbetter and Franklin cases, in this, that in those cases they are addressed as the husbands and make replies as such to induce that belief. In this case not a word is spoken by appellant.

If defendant has by his act as shown by the record in this case violated the law, at what stage of the proceedings did it begin? If at the time the woman awoke, then certainly defendant had the right to have submitted to the jury the special instruction requested by him. Hear the woman: "I put my arms around him and kissed him." Certainly very inducive to him to continue his sexual pleasure, and incite the belief that the intercourse was mutual. See 87 Ala., 107.

The testimony of the woman presents a physical impossibility. If she was lying on her side, defendant could not have been on top of her and been penetrating her person at the same time.

Appellant is morally culpable, but under the facts in this case, is he shown to be guilty of an offense that subjects him to a felon's cell? It does not seem possible that the woman could have mistaken a boy just past 17 years old for a husband 28 years old, with whom she had lived seven years, and by whom she had become the mother of two children.

Appellant respectfully asks this court to reverse this cause and remand the same for a new trial.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of rape, and his punishment assessed at confinement in the penitentiary for a term of five years; hence this appeal. The charging part of the indictment is as follows: "That defendant did then and there by force, threats, and fraud, and without the consent of the said Jessie Winn, ravish and have carnal knowledge of the said Jessie Winn, the said Jessie Winn not being then and there the wife of the said Bunyon Payne," etc.

The evidence showed that on the night of the alleged offense there was a party at the house of one H. B. Payne, the father of the appellant. The party broke up some time after midnight, and the prosecutrix, Mrs. Jessie Winn, and her husband, stayed overnight at said house. A bed was made down for them in the main room of the house, and in the same room, on the other side from the bed of the prosecutrix and her husband, Dan Loftin and his two brothers, and the defendant and his two brothers, slept on pallets. In the kitchen, adjoining this room, Mrs. McGary and her husband slept. Some time in the night, just about daylight, Mrs. Jessie Winn awoke, and found defendant on top of her. She did not then know who he was. He had her clothes up. She tried to get him to get off, but he would not do so. He had intercourse with her. Had already commenced intercourse with her when she waked up. At the time she thought it was her husband, and called him "George." That she did not do anything but talk to him, and try to get him to get off. That at the time she was unwell with her menses, but he did not get off until he got through. While he was in the act, and when she first waked up, she put her arms around his neck and kissed him, and said, "George, what do you mean?" That when he got off of her he crawled from the bed of the prosecutrix to his pallet on his hands and knees, and she then know

it was not her husband, but recognized him as Bunyon Payne. She immediately aroused her husband, and told him what defendant had done. There was also other testimony in the case; and, among other witnesses, Mrs. G. G. McGary testified to seeing defendant sitting at the head of her bed during the night, sometime before the alleged rape, after she had retired.

Appellant's first bill of exceptions is with regard to the admission of evidence that the prosecutrix was a married woman, and the wife of G. W. Winn. This was objected to, on the ground that the indictment did not allege that the injured female was a married woman. This brings in question the validity of the indictment in this case. The conviction was no doubt procured under the allegation of fraud, which, by our statute, is defined to mean "the use of some stratagem, by which the woman is induced to believe the offender is her husband; or in administering, without her knowledge or consent, some substance producing unnatural sexual desire, or such stupor as prevents or weakens resistance, and committing the offense while she is under the influence of such substance." See Penal Code 1895, art. 636. We have examined the authorities as to the form of an indictment where the rape was committed by a false personation of the husband, but we have been unable to find a case where the question of the indictment has been treated. In England, as in this country, it appears that rape is a statutory offense, and we understand that, under an ordinary indictment in England for rape by force and without the consent of the alleged injured female, the proof can be made for rape by procuring the intercourse by a false personation of the husband of the female. See Reg. v. Young, 38 Law T. (N. S.), 540; Whart. Crim. Law, sec. 561, and notes. In this State the statute above quoted was evidently passed to cover this character of offense; that is, where the alleged rape was committed by fraud. And in Franklin v. State, 34 Texas Criminal Reports, 203, we held that the indictment for an attempt to commit a rape need not set out the particular kind of fraud, whether by personating the husband or administering some substance to the female; and that the general charge of an attempt to rape by fraud is sufficient, and furnishes the basis for proof of either means stated in the statute. We also held in that case that, where the indictment alleged that the injured female was a married woman, this would authorize proof of the name of her husband, though his name was not set out in the indictment. That is as far as we feel authorized to go. We hold that an indictment, as in this case, which charges a rape by fraud in personating the husband, in order to be sufficient, must allege that the injured female is a married woman, and not the wife of the defendant. While it is not necessary to allege the name of the husband, still this allegation would be the better practice, and it would by no means vitiate the indictment. The allegations of the indictment being defective in this respect, we hold it insufficient to sustain a conviction for rape by fraud in personating the husband.

The question is also presented to us whether or not the facts of this case show such false personation of the husband as to constitute a rape; that is, it is insisted that the intercourse was accomplished without any stratagem or deception on the part of the appellant to induce the prosecutrix to believe that he was her husband. It is a feature of our Constitution, and a cardinal principle in all our criminal law, that no one can be punished unless under a written law of this State in which the offense has been defined. Now, the definition above quoted from the statutes, where the prosecution is based on fraud, makes it essential that the defendant use some stratagem by which the woman is induced to believe that the offender is her husband. A "stratagem" is defined to be "any artifice; a trick by which some advantage is intended to be obtained." See Cent. Dict. Now, according to our statute, it becomes absolutely necessary, in order to constitute this offense, that the defendant resort to some device or stratagem, some artifice or trick, intending to deceive the prosecutrix, and make her believe that he is her husband; and not only so, but the effect of his stratagem must be to deceive and impose on her, and make her believe that he is her husband at the time the act was committed, and by this means gain her consent to the copulation. Applying this rule to the facts as they appear in the record, we find that the prosecutrix testifies that, when she first awoke, the defendant had already penetrated her person, and was then in the act of copulating with her. She being asleep at the time, it was impossible, no matter what his acts may have been in the premises, that they should have operated upon her mind so as to induce her to consent under the belief that he was her husband. And, moreover, the record fails to disclose that he used any stratagem; his only action being to go to her bed, get on top of her, and begin the act of copulation while she was asleep. What was done after the act of copulation began, even if it could be conceded that he then resorted to some stratagem to continue the operation, would not constitute this offense; but the record fails to disclose, even during the continuance of the act, that he resorted to any artifice or trick to induce her to believe that he was her husband. In Mooney v. State, 29 Texas Criminal Appeals, 257, this court held that the act of copulation by a defendant with the wife of another person, while she was asleep, she being incapable of consenting at the time, was rape by force; and this is in accord with a number of authorities. But this was not rape by fraud. See Reg. v. Young, 38 Law T. (N. S.), 540, and Whart. Crim. Law, sec. 561, and notes. In Ledbetter v. State, 33 Texas Criminal Reports, 400, the conviction in that case for rape by falsely personating the husband was upheld on the ground that the evidence was sufficient to show that the appellant by his language, as well as conduct, induced the injured female to believe that he was her husband. In that case the evidence showed that she was awake at the time, and consented to the act, under the belief that appellant was her husband. But, as stated above, such is not the testimony in this case; and in our opinion the evidence is not sufficient to authorize a conviction of rape by fraud. The court in his charge submitted rape by fraud

alone. As to the testimony of Mrs. McGary, we are inclined to believe that same was not admissible, but, as limited by the court, perhaps it was not calculated to injure the appellant so as to authorize a reversal of the case.

For the error discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*