## BUNYON PAYNE v. THE STATE.

### No. 1834. Decided February 15, 1899.

**1. Rape—Charge of Court—Singling Out Testimony.**

On a trial for rape, where the charge of the court nowhere mentions, in terms, the testimony of the prosecutrix, but in presenting the State's theory as to the character of force necessary under the circumstances proved to constitute rape predicates the same on her testimony alone, such charge is not improper nor upon the weight of evidence.

**2. Rape of a Woman Who Is Asleep—Force—Charge.**

On a trial for rape, where it appeared that prosecutrix was a married woman, and asleep in bed with her husband at the time, a charge of court is both proper and correct which instructs the jury that the act of copulation of a male person with a woman, she being asleep at the time and not consenting, was sufficient force to constitute the offense of rape.

**3. Same.**

The act of copulation with a woman, had "without" or "against" her consent while she is asleep, is sufficient to constitute rape, though the force used is only such force as may be used in the act of copulation.

**4. Conflicting Evidence—Practice on Appeal.**

When a case is on appeal it comes with the approval of the trial judge, who has seen, heard, and passed upon the credibility of the witnesses and the weight of their testimony; and where there is a direct conflict in the testimony, the judgment will be affirmed where it appears there is sufficient testimony in the record to support the verdict.

**5. Rape of a Married Woman Who Is Asleep—Evidence Sufficient.**

See the opinion for facts stated which are held amply sufficient to support a conviction for rape perpetrated upon a married woman asleep in bed with her husband.

APPEAL from the District Court of Eastland, on a change of venue from Callahan County. Tried below before Hon. N. R. LINDSEY.

Appeal from a conviction for rape; penalty, five years imprisonment in the penitentiary. This is a second appeal. The former conviction was reversed for defect in the indictment and the insufficiency of the evidence to sustain a charge of rape by fraud. Payne v. State, 38 Texas Crim. Rep., 494.

The opinion fully states the case as presented on this appeal, and no further statement is necessary.

*J. E. Thomas*, for appellant.—The charge of the court (see the same copied in the opinion below—Reporter) is upon the weight of evidence and virtually instructs the jury that if they believe the testimony of Jessie Winn, the alleged injured female, they must convict. Rice v. State, 3 Texas Crim. App., 451; Ross v. State, 29 Texas, 500; Railway v. Long,

4 Texas Civ. App., 730; Railway v. Knippa, 27 S. W. Rep., 730; Anschicks v. State, 6 Texas Crim. App., 524; 2 Encyc. of Pl. and Prac., 101; Meuly v. State, 31 Texas Crim. Rep., 167. It singles out and gives undue prominence to the testimony of the presecutrix, Jessie Winn. Howard v. State, 18 Texas Crim. App., 348; McFarlin v. State, 41 Texas, 23. It engrafts upon article 634, Penal Code, an additional element of force. Under the statute, the jury are authorized to convict where carnal intercourse is had without consent and with force. The force employed must be such as might reasonably be supposed sufficient to overcome resistance taking into consideration the relative strength of the parties and other circumstances of the case.

Another vice in this charge is, it is contradictory and inconsistent with the charge which presents defendant's theory. Instructions should be so framed as to state the law correctly and be entirely in harmony with each other. Otherwise the jury are not aided, but misled in arriving at their verdict. Our Supreme Court in Baker v. Ashe, 80 Texas, 356, and 6 Texas Civil Appeals, 665, hold such charges erroneous and ground for reversal. The reason for the rule is obvious, for where the instructions upon a material point are contradictory, it is impossible for the jury to decide which should prevail, and it is equally impossible after verdict to tell which did prevail. The court gave a correct instruction, and afterward nullifies it by giving another. The evil is not corrected, but it is multiplied.

*Robt. A. John,* Assistant Attorney-General, for the State.—The charge is not upon the weight of the testimony. It is undisputed that appellant had carnal intercourse with the prosecutrix on the night alleged. The only dispute is on two points: Was prosecutrix asleep when appellant first penetrated her? and did she consent to the act? Neither of these facts are concluded by the court, but the jury are instructed to find these facts, and are instructed if they, in connection with facts that are undisputed, are believed by the jury, they would constitute force, and therefore rape. This is but a definition of what constitutes "force,"—one of the elements of the offense akin to defining and applying the elements of "malice" in murder—the element of force in burglary. The State submits that a charge that a certain fact may be inferred upon the proof of certain other facts, is not a charge upon the weight of the evidence unless the inference is erroneous. Watson v. State, 28 Texas Crim. App., 34; Sharpe v. State, 17 Texas Crim. App., 486; Sparks v. State, 34 Texas Crim. Rep., 86.

That the facts above stated, if believed by the jury, constitute force, see Payne v. State, 38 Texas Crim. Rep., 494; Mooney v. State, 29 Texas Crim. App., 257.

HENDERSON, JUDGE.—Appellant was convicted of rape, and his punishment assessed at imprisonment in the penitentiary for five years, and he prosecutes this appeal.

This case was before us at a former term of this court, on appeal from Callahan County. See Payne v. State, 38 Texas Crim. Rep., 494. The conviction in that case was for rape by fraud. The case was reversed because of a defect in the indictment, and because, in the opinion of the court, the evidence did not sustain the conviction for rape by fraud. A new indictment was found, alleging rape by force. The venue was transferred to Eastland County, and a trial and conviction were had, as before stated. The theory of the State is to the effect that the copulation occurred while the prosecutrix was asleep, and without her consent, or with any reason to believe that she was consenting to the act of copulation. The theory of the defendant was that he copulated with the prosecutrix, not only with her consent, but by her invitation.

Appellant insists that the court committed an error in giving the following charge to the jury: "If, from the evidence, you believe that the defendant did at the time and place alleged in the indictment, and without the consent of Jessie Winn, with his (defendant's) private male organ penetrate the private female organ of the said Jessie Winn; and if you further believe that such penetration, if any, occurred at a time when the said Jessie Winn was asleep, and was without her knowledge,—then in that event such penetration, if any, would, in law, be with force sufficient to constitute rape." Appellant insists that this was a charge on the weight of the evidence, in that it singled out the testimony of Mrs. Jessie Winn, and authorized the jury to find a verdict on her evidence alone, and that it substituted another character of force than was provided in the statute. With regard to the first proposition, it nowhere mentions the testimony of Jessie Winn, but, as we understand the charge, presents the theory of the State, predicated on the State's testimony as to the character of force necessary, under the circumstances, to constitute rape. If it be true that this theory is alone based on the testimony of Jessie Winn, we can see no harm in this. As to the second proposition, the question is sharply presented, was it competent for the court to present or define the question of force as was here done? That is, the charge in effect instructed the jury that the act of copulation of a male person with a woman, she being asleep at the time, and not consenting, was sufficient force to constitute the offense of rape. Ordinarily the statutory definition of force would be sufficient, but the facts in this case, so far as the State was concerned, raised the direct issue before the jury as to whether or not a rape could be committed on a woman while she was asleep, she not consenting to the act; and in such case it was entirely proper for the court to instruct the jury as to the required force under such circumstances, and the instruction given was in accord with the authorities on the subject. See Mooney v. State, 29 Texas Crim. App., 257; Com. v. Burke, 105 Mass., 376; People v. Bartow, 1 Wheeler Crim. Cas., 378; Walter v. People, 50 Barb., 144; Reg. v. Young, 14 Cox Crim. Cas., 114; Rex v. Mayers, 12 Cox Crim. Cas., 311; 1 Whart. Crim. Law, p. 524, sec. 561,

and note. In Mooney v. State, supra, this language is used: "The second position urged by the State is that, 'the woman being asleep when penetrated, rape is the result, though no greater force is used than that involved in the act.' We have given this proposition thorough examination. The authorities are quite inharmonious. Apparently there is a serious conflict of opinion upon this subject, but, when carefully scrutinized, the conflict will be found, to a great extent, apparent only. Our researches lead us to these conclusions: If the statute defines rape to be carnal knowledge of a woman by force and 'without' her consent, then the proposition above stated is correct. On the other hand, if the statute defines rape to be the carnal knowledge of a woman by force and 'against' her consent, then the proposition is not correct. Some cases hold the proposition correct whether the statute says 'against' or 'without.'" Counsel for appellant, however, insists that this question was not before the court in Mooney's Case. We have examined the decision carefully, and we can not agree to this. We are not inclined to make the distinction between the terms "without consent" and "against consent" as made in the above case, because we believe there is really, in effect, no difference between the expressions. Rape must be by force and without consent, as is stated by our statute, which really means the same thing as "against consent." If the female is asleep, of course she can not give her express consent, but if she is willing to the act, there is tacit consent, and there need not be express consent; so that in the final analysis the act must be against her will and consent, and the force used is only such force as may be used in the act of copulation. We quote from the case of Reg. v. Young, supra, —a case very similar to this,—as follows: "The evidence proved that the prosecutrix, a married woman, being partially under the influence of drink, on the 2d February, 1878, went to bed in her lodgings in the Seven Dials, with her youngest child, about 9 o'clock. Her husband, with another child, came home about midnight. About 4 o'clock in the morning, when all four were asleep, the prisoner entered the room, —the door not having been locked,—got into bed, in which were the prosecutrix, her husband, and the two children, and proceeded to have connection with the prosecutrix, she being at the time asleep. When she woke, at first, the prosecutrix thought that it was her husband; but on hearing the prisoner speak she looked around, and seeing her husband by her side, she immediately flung the prisoner off her, and called out to her husband. The prisoner ran away, but before he could make his escape he was secured by a police constable. None of the parties had ever seen the prisoner before. In answer to questions put by me, the jury found that the prosecutrix did not consent before, after, or at the time of the prisoner's having connection with her, that it was against her will, and that the conduct of the prosecutrix did not lead the prisoner to the belief that she did consent. I put the last question to the jury in consequence of what fell from Denman, J., in Reg. v. Flattery (1877) 2 Q. B. Div. 410-414, 13 Cox, Cr. Cas., 388. Upon these

findings I directed a verdict of guilty, but reserved the question as to whether the conviction was right; the Court of Criminal Appeal, in Reg. v. Flattery, having expressed a desire that the case of Reg. v. Barrow (1869) L. R. 1 Cr. Cas., 156, 28 Law J. M. Cas. 20, 11 Cox, Cr. Cas., 191, should be reconsidered." Lord Coleridge, C. J., said: "We are all of opinion that the addition made by the learned baron to the statement of this case puts an end to any doubt as to the case, under the circumstances, being clearly one of rape." It follows from these authorities that the court did not err in defining the force to be used on a woman when asleep, as was done. This was a presentation of the State's theory, predicated on its evidence. The court immediately instructed the jury on appellant's theory,—that is, in his testimony it was insisted that he had the consent of the prosecutrix to the act of copulation; and the court, on this subject, gave the following instruction: "You are further charged, if you believe from the evidence that the said Jessie Winn, by acts or conduct towards the defendant which were reasonably calculated to induce the defendant to believe that he had the consent of the said Jessie Winn to have carnal connection with her,—caused the defendant to believe that he had the consent of the said Jessie Winn to have such intercourse with her,—and, so believing, the defendant had such carnal connection, if any, with the said Jessie Winn, you will acquit him." This instruction, given in connection with the former instruction, and immediately following it, adequately presented appellant's theory of defense, and prevented any confusion or misconception in regard to the preceding charge, even if it be conceded that any misconception could result therefrom.

Appellant insists that this case should be reversed because the testimony is insufficient to support the verdict of the jury. In this regard it has been repeatedly held that we are not placed in the same position as the trial judge. He has the witnesses before him, hears their evidence, sees their manner and bearing, and is in a position to judge of the credibility of the witnesses, and to weigh the case upon its merits. When the cause comes before us, it comes with the approval of the trial judge, and the bare question to be considered by us is, is the testimony in the record sufficient to support the verdict? . Judged by this rule, if we determine that there are enough facts in the case to have authorized the verdict, it is to be held sufficient. Looking to the record in this case, the testimony of the prosecutrix supports the verdict, and there are other facts in the record which tend to corroborate her. It is shown by the statement of facts that a dance or party occurred at the house of appellant's father on the night in question. It was a small house, containing but three rooms. A number of others besides the family remained through the night,—among them, the prosecutrix and her husband; the prosecutrix being a niece of old man Payne, and the cousin of appellant. The dance was concluded about 12 o'clock, and the parties then went to bed. Prosecutrix and her husband, with two children, slept on a pallet near the north wall of the main room, while

appellant and three or four boys slept on a pallet near the east wall. The prosecutrix testified that about daylight "I was awakened by some man being on top of me and having carnal intercourse with me. I thought it was my husband, and spoke to him as such. I said to him, 'Why, George, what do you mean?' He made no reply, but kept on, and I again spoke to him and said: 'Don't! Don't! You hurt me. I'm all unwell.' He paid no attention to me, but kept on having carnal intercourse until he got through. He then got off of me and went off, crawling over the foot of the bed and out on the floor." She further states that this action attracted her attention, and she raised up, and saw appellant crawling off towards his pallet, on the south side of the room, which was about fifteen feet from her bed. She then roused her husband, and the family were also roused; and appellant's father came in with a rope and accused the boy of the act, and he denied it, and his father whipped him with the rope. Appellant himself testified that some time before daylight he was awakened by some one touching him on the breast; that it was the prosecutrix, but she said nothing to him, and immediately went back to her bed; that he immediately got up from his pallet and went over to her bed; that "she raised up, put her arms around my neck, kissed me, and pulled me down on her;" that nothing was said, but she put his penis in herself; that after he got through he went back to his pallet and went to sleep. He further states that he recognized prosecutrix when she touched him, by the moonlight which was shining in at the window; that the reason he told his father that he had not done it was because he was afraid he would never quit whipping him. He further states that he had never had intercourse with her before, and the reason he ventured to go over there and have intercourse with her, with her husband in bed with her, was because he did not fear him doing anything, even if he caught him in the act; that he did not think he would hurt him, or care much. It would seem from their testimony that upon the crucial points of the case their evidence is in sharp contradiction,—both admitting the copulation; she testifying to nonconsent, and he testifying to her consent. So the case is narrowed down to a question of consent vel non. In addition to her testimony showing want of consent, there are certain features of his own testimony which appear to reinforce hers. If the parties had previously been familiar, it might appear reasonable that, even under the adverse circumstances then surrounding them, the prosecutrix might have sought appellant out, waked him up, and invited him to come over to her pallet, although her husband and two children were sleeping with her; but all previous familiarity between them is expressly denied by appellant. On the other hand, it would ordinarily be considered a rather daring adventure for appellant to have gotten up off his pallet and gone to her bed for the purpose of copulating with her, when her husband was lying almost in touch of them during the operation. Appellant, however, explains this by stating that he did not fear her husband doing anything to him, and did not think he would

care much.  And so his own evidence equally suggests his conduct, whether he had reason to believe that the prosecutrix would or would not consent, as he did not stand in awe of her husband.  .If there was any evidence in the record showing that her husband was aroused and detected them in the act, and she then made outcry, this would weaken the case; but there is no such evidence, and, according to the testimony, immediate outcry was made.  And in this connection we would look to the further fact that appellant says he recognized her by the light of the moon.  ` The record shows that there was no moon on that night. In our opinion, the testimony is sufficient to uphold this conviction. There being no error in the record, the judgment is affirmed.

*Affirmed.*

DAVIDSON, Presiding Judge, absent.