The People of the State of Illinois, Defendant in Error, *vs.* Lloyd Fathers, Plaintiff in Error.

*Opinion filed October 28, 1926.*

1. Criminal law—*intent is gist of offense of assault with intent to rape—indictment.* In a prosecution for an assault with an intent to commit rape, the specific intent charged is the gist of the offense, and the indictment must charge such an assault that if the purpose were accomplished the crime would be rape.

2. Same—*indictment charging assault with intent to rape without force must allege prosecutrix was not defendant's wife.* In an indictment for the crime of rape or for an assault with intent to rape without force, an allegation that the prosecutrix was not the wife of the accused is essential, and the omission of such allegation is fatal on motion to quash or in arrest of judgment.

Writ of Error to the Circuit Court of Vermilion county; the Hon. Augustus A. Partlow, Judge, presiding.

Lewman & Carter, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ELMER O. FURROW, and MERRILL F. WEHMHOFF, (LOUIS J. BREMER, and O. W. LONGENECKER, of counsel,) for the People.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

An indictment, consisting of a single count, and charging that Lloyd Fathers, a male person of the age of seventeen years and upwards, on September 2, 1925, unlawfully, willfully and feloniously made an assault upon Ilea Slade, a female person under the age of sixteen years, with the intent to ravish and carnally know her, was returned in the circuit court of Vermilion county. A motion to quash the indictment was made and overruled. Trial by jury followed and resulted in a verdict of guilty. Motions for a new trial and in arrest of judgment were made and overruled and Fathers was sentenced to the penitentiary. He prosecutes this writ of error for a review of the record.

Plaintiff in error contends (1) that the indictment is defective for the reason that it fails to allege that Ilea Slade was not his wife and that the trial court should have sustained the motion to quash the indictment; and (2) that the verdict is not justified by the evidence.

In a prosecution for an assault with an intent to commit rape, the specific intent charged is the gist of the offense. (*People* v. *Makovicki,* 316 Ill. 407.) The indictment must charge such an assault that if the purpose were accomplished the crime would be rape. Plaintiff in error was indicted for an assault with intent to commit rape without force. In an indictment for the crime of rape without force an allegation that the prosecutrix was not the wife of the accused person is essential. The omission of that allegation in such an indictment is fatal on motion to quash or in arrest of judgment. (*People* v. *Stowers,* 254 Ill. 588; *People* v. *Kingcannon,* 276 id. 251; *People* v. *Okopske,*

321 id. 32.)   The indictment in the instant case contained
no such allegation, and the motion to quash should have
been sustained.

Since the indictment is fatally defective it is unneces-
sary to consider the second contention of the plaintiff in
error.

The judgment of the circuit court is reversed.

*Judgment reversed.*