## TERRITORY OF HAWAII *v.* DAVID TATSUO NOGUCHI.

### No. 2658.

Submitted April 1, 1949.      Decided April 25, 1949.

Kemp, C. J., Le Baron and Cristy, JJ.

OPINION OF THE COURT BY LE BARON, J.

The defendant was convicted before a jury of the crime of malicious assault with intent to commit rape and that

of burglary in the first degree. He brings the cause to this court on writ of error.

The specification of errors primarily pertains to the crime of the assault and secondarily to that of the burglary. They challenge the trial court's refusal to grant two motions of the defendant, one for a mistrial made in the course of presentation of the Territory's case in chief and the other for a dismissal made immediately after the Territory had rested.

The motion for a mistrial is premised upon the ground that an admission by silence was introduced without preliminary examination after the defendant had relied on an assurance of the assistant public prosecutor that the witness, a police officer, would not testify to any confession or admission. This ground erroneously assumes not only that an admission by silence was introduced but also that had its introduction been attempted the defendant would have had the right to a preliminary examination of the witness. The testimony to which the defendant objected and on which he predicated his motion for a mistrial established none of the concomitants of an admission by silence. It was the antithesis of such an admission and it dealt with actual statements of the defendant made to the police before whom he voluntarily appeared. The statements were made in response to an inquiry whether he knew anything about his neighbor's complaint that someone had entered her bedroom and molested her on the previous night. Although under suspicion, he was not under arrest and no charge or accusation was directed against him at the time. The defendant was asked no question which required a denial of guilt or assertion of innocence, nor did he make any such denial or assertion. The testimony is to the effect that the defendant stated that he could neither admit nor deny anything "simply because of the fact that he was too

drunk at the time of the alleged incident. In other words, he could not admit, neither would he deny the fact that such a thing had been committed." The defendant did not move to have this testimony stricken from the record nor did he make its admission the subject of an exception. Moreover, not only was the defendant's right of cross-examination fully exercised but his attorney during the Territory's redirect examination insisted that there be produced a written statement made and signed by the defendant, which contained the same statements as those attributed to him by the testimony adduced on direct examination, and on production of that written statement consented to its admission in evidence as a part of the Territory's case in chief. Such insistence and consent are consistent with the proposition that the statements in dealing with an excessive degree of drunkenness on the part of the defendant could have been reasonably held for his benefit to disprove a present intent to have sexual intercourse at the time had the jury believed them in disregard of their equivocal and evasive character. Nothing more need be said other than that a cursory review of the record demonstrates the frivolous nature of the motion for mistrial. The specifications challenging the refusal to grant the motion are thus devoid of merit.

The motion for a dismissal is posited upon the ground of insufficiency of the evidence presented by the Territory in its case in chief to prove the crimes charged in that it was not established that the defendant "intended to enforce the demand for sexual intercourse by violence if necessary." The gravamen of this ground and that of the specifications of error to the refusal to grant the motion to dismiss concern the sufficiency of the evidence with respect to proof of an intent to commit the crime of rape and the degree or character of the force required to commit it, there being no dispute that there is substantial

evidence in the record of a malicious assault by the defendant upon the person of the prosecutrix.

The evidence is uncontroverted that the defendant in the middle of the night forcibly broke into the bedroom of the prosecutrix through a screened window while she was asleep and placed his hand roughly upon her private parts; that he then stood beside the sleeping woman and commenced to take off his trousers whereupon she awoke and cried out; that her father answered from an adjoining room and the defendant fled; that although the defendant and the prosecutrix had been close neighbors for many years, they had not been on friendly terms for the past nine years or, according to her undisputed testimony, ever since he had "raped" her when she was ten years old. This is substantial evidence of the circumstances of the case and its sufficiency must be tested by the principles of law governing the case of an assault with intent to commit the crime of rape upon a sleeping woman.

It is well settled that an assault with intent to rape is an effort to obtain sexual intercourse by force and against the will of the female assaulted, and the intent is to be ascertained from the commission of some act or acts at the time or during the progress of the assault. The force actually used need be of no specific degree or character but comes within the meaning of the law if it is reasonably calculated to subdue and overcome. Nor need it be persisted in until the assailant's design is accomplished. If the assault is actually begun and the intent can be inferred from the acts committed, the offense is complete, notwithstanding that the assailant thereafter for some reason may relent and forbear the consummation of his purpose. (See *Morgan* v. *State* [Ark.], 76 S. W. [2d] 79.) The decisive test is that if an assault has been made under such circumstances that the act of sexual intercourse, if it had been accomplished, would have been

rape, the accused is guilty of assault with intent to commit rape. (*People* v. *Fathers,* 322 Ill. 424, 153 N. E. 704; *State* v. *Fujita,* 20 N. D. 555, 129 N. W. 360.) In the case of rape upon a sleeping woman, however, no other force is required to constitute the crime than- that necessary to effect penetration, the general rule being that if a man have carnal connection with a woman while she is asleep, he is guilty of rape, because the act is not only by force but without her consent, and therefore against her will. (*State* v. *Welch,* 191 Mo. 179, 89 S. W. 945; *Payne* v. *State,* 40 Tex. Crim. Rep. 202, 49 S. W. 604; *State* v. *Shroyer,* 104 Mo. 441; *State* v. *Smith,* 80 Mo. 516.)

On applying these principles to the uncontroverted evidence of the assault and the circumstances surrounding the commission thereof, it is evident that, had the defendant accomplished sexual intercourse with the prosecutrix while she was asleep, he would have been guilty of rape. Such evidence was, therefore, legally sufficient to have supported a verdict of guilty for assault with intent to commit the crime of rape, it being for the jury to have determined such intent from any act or acts of the defendant committed at the time or during the progress of the assault. In determining that intent, however, the fact that the defendant may have desisted from any further assault immediately upon the outcry of the prosecutrix and upon the response of her father thereto would be immaterial. (See *Begley* v. *State,* 180 Ark. 267, 21 S. W. [2d] 172; *People* v. *Guilfoyle,* 321 Ill. 93, 151 N. E. 596; *People* v. *McKinnie,* 328 Ill. 631, 160 N. E. 121; *Kidwell* v. *State,* 126 Tex. Crim. Rep. 253, 70 S. W. [2d] 724.) The crime of such assault and that of rape concededly being felonies, the evidence was equally sufficient to have supported a verdict of guilty for burglary in the first degree as defined by statute (R. L. H. 1945, §§ 11080, 11082), the same circumstances warranting as a matter of law a finding by

the jury that the defendant with intent to commit one or the other felony entered the bedroom of the prosecutrix where she had a right to be and committed burglary in the night time. The trial court, therefore, properly refused to grant the motion to dismiss and the specifications challenging such refusal are without merit.

Judgment affirmed.

*S. Kashiwa* for plaintiff in error.

*T. Suyenaga,* Assistant Public Prosecutor, for the Territory.