278 N.J. Super. 44 (1994)
650 A.2d 373
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DALE STEPHEN RUSH, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 25, 1994.
Decided December 8, 1994.
*45 Before Judges LONG, A.M. STEIN and LEVY.
Susan L. Reisner, Public Defender, attorney for defendant-appellant (John F. Hanna, of counsel and on the brief).
Sharon B. Ransavage, Hunterdon County Prosecutor, attorney for plaintiff-respondent (Dawn M. Solari, Assistant Prosecutor, of counsel and on the brief; Adam Marshall, on the brief).
The opinion of the court was delivered by LONG, J.A.D.
After a night of drinking, defendant Dale Stephen Rush sneaked into the house where the victim was sleeping and touched the skin of her buttocks and vagina. He was convicted of fourth degree criminal sexual contact (N.J.S.A. 2C:14-3b; 2C:14-2c(2)) and fourth degree criminal trespass (N.J.S.A. 2C:18-3a). He was sentenced to concurrent eighteen-month terms with a nine-month period of parole ineligibility to be served consecutively to the sentence he was already serving. An appropriate Violent Crimes Compensation Board penalty was also imposed.
Defendant appeals, contending that the following trial errors warrant reversal:
POINT I:
ADMISSION OF PRIOR CONVICTIONS FOR SIMILAR OFFENSES BY TRIAL COURT WAS UNDULY PREJUDICIAL SO AS TO AMOUNT TO REVERSIBLE ERROR.
A. The Court Improperly Allowed The Introduction By The State Of Prior Convictions For Similar Offenses.
B. By Preserving The Issue For Appellate Review In The Lower Court, The Defendant Is Entitled To The Benefit Of Brunson.

POINT II:
THE TRIAL COURT ERRED IN ITS JURY INSTRUCTION BY ALLOWING THE JURY TO DETERMINE WHETHER A PERSON'S BEING ASLEEP FALLS WITHIN THE REALM OF WHAT IS CONSIDERED "PHYSICALLY HELPLESS" AS DEFINED BY N.J.S.A. 2C:14-2c(2).
A. Whether A Person Is "Physically Helpless" Is A Question Of Law For The Court, And Not A Question Of Fact For The Jury.

*46 B. Under N.J.S.A. 2C:14-2c(2), A Person Is Not "Physically Helpless" When Sleeping.
POINT III:
THE TRIAL COURT ERRED IN IMPOSING SENTENCES IN EXCESS OF THE PRESUMPTIVE TERMS AND ORDERING A PERIOD OF PAROLE INELIGIBILITY.
A. A Proper Consideration Of Aggravating And Mitigating Factors Mandates That The Defendant Be Issued Presumptive Terms.
B. The Evidence Does Not Support The Imposition Of A Period of Parole Ineligibility.
We have carefully reviewed this record in light of these contentions and have concluded that our intervention is unwarranted.

I
The trial judge determined under State v. Sands, 76 N.J. 127, 386 A.2d 378 (1978) that for credibility purposes, defendant's previous convictions for sexual offenses were relevant and could be admitted if he took the stand. This ruling was legally unexceptionable. These offenses were properly held admissible for impeachment purposes. State v. L.J.P., 270 N.J. Super. 429, 443, 637 A.2d 532 (App.Div. 1994). State v. Brunson, 132 N.J. 377, 394, 625 A.2d 1085 (1993) was decided after the trial in this case. The fact that defendant raised this point at trial is of no moment to Brunson's prospectivity.

II
In charging the jury as to fourth degree criminal sexual contact, the trial judge stated:
A person is guilty of criminal sexual contact if he commits an act of sexual contact with the victim, and the victim is one of whom the person knew or should have known was physically helpless.
....
"Sexual contact" is the intentional touching by the victim or the defendant, either directly or through clothing, of the victim or defendant's intimate parts for the purpose of humiliating the victim, or sexually arousing or sexually gratifying the defendant.
"Intimate parts" means the following parts: Sexual organs, genital area, anal area, inner thigh, groin, buttock or breast of a person.
....

*47 According to the law, "physically helpless" means that condition in which a person is unconscious, or is physically unable to flee or is physically unable to communicate unwillingness to act.
Defendant contends that whether a person is physically helpless is a question of law for the trial judge and not a question of fact for the jury; and, in addition, that the judge should have instructed the jury that one is not physically helpless when asleep. Neither of these contentions is correct.
The "physically helpless" standard was properly defined by the trial judge as a matter of law in accordance with the model jury instructions for criminal sexual contact. Model Jury Charge, Criminal Sexual Contact, N.J.S.A. 2C:14-3b (2C:14-2c(1) through (5)) (Approved 11/17/81). According to the definition, one is physically helpless when he or she is in a condition of unconsciousness or is physically unable to flee or is physically unable to communicate unwillingness to act. Encompassed within these words is a variety of factual scenarios. It is thus for the jury and not the judge to determine whether, as a matter of fact, a victim's condition meets the physically helpless standard. See People v. Irving, 151 A.D.2d 605, 542 N.Y.S.2d 693 (N.Y. App. Div. 1989).
Defendant's suggestion that, as a matter of law, sleep does not meet this standard is equally unavailing. First, it makes common sense that a person who is actually asleep is incapable of fleeing or communicating unwillingness to act. Indeed, The American Heritage Dictionary defines sleep as a "natural, periodically recurring physiological state of rest, characterized by relative physical and nervous inactivity, unconsciousness, and lessened responsiveness to external stimuli." The American Heritage Dictionary, 1150 (2d College ed. 1982). "Unconscious" is defined as "[n]ot possessed of mind.... [i]nsensible to the reception of any stimuli and incapable of performing or experiencing any controlled functions," Black's Law Dictionary 1525 (6th ed. 1990), or "[h]aving lost, esp. temporarily, the capacity for sensory perception," The American Heritage Dictionary, supra, at 1316. Obviously, a person who is lacking sensory perception and is unable to perform *48 any controlled function, including communication of a lack of consent, meets the definition of physical helplessness.
Other jurisdictions faced with this issue have determined that sleep can establish physical helplessness. In State v. Moorman, a North Carolina statute which defined physical helplessness as unconsciousness or inability to resist or communicate unwillingness to submit to a sexual act was at issue. State v. Moorman, 320 N.C. 387, 358 S.E.2d 502 (1987) (interpreting N.C. Gen. Stat. § 14-27.3(a)(2)). The North Carolina Supreme Court held that a case involving a sleeping victim could be brought under a physically helpless standard noting that common law rape "occurred when there was sexual intercourse with a victim who was asleep or otherwise incapable of providing resistance or consent." Id. 358 S.E.2d at 505. (citing Brown v. State, 138 Ga. 814, 76 S.E. 379 (Ga.Ct.App. 1912); Territory of Hawaii v. Tatsuo Noguchi, 38 Haw. 350 (1949); State v. Lung, 21 Nev. 209, 28 P. 235 (1891); Payne v. State, 40 Tex.Crim. 202, 49 S.W. 604 (App. 1899); 75 C.J.S. Rape § 11 (1952); 3 Wharton's Criminal Law § 289 (1978)).
Likewise, a Minnesota statute imposing liability for third degree criminal sexual conduct upon one who engages in non-consensual sexual penetration while the victim is physically helpless was interpreted to include a victim who is asleep. State v. Griffith, 480 N.W.2d 347, 349 (Minn. Ct. App. 1992) (interpreting Minn. Stat. § 609.345(1)(d) (1990)). See also State v. Perkins, 395 N.W.2d 729, 731 (Minn. Ct. App. 1986) ("[T]he definition of `physically helpless' includes a person who is asleep or unconscious.") (citing Minn. Stat. § 609.341(9)).
In a rape case, the Court of Appeals of Virginia held
"[T]he jury had to decide the factual issue of whether the victim was asleep, and thereby in a state of physical helplessness, when [defendant] had sexual intercourse with her. The jury determined the victim was asleep at that time and credible evidence in the record supports that determination.... Thus, the jury properly found, based on the evidence, that Woodward had sexual intercourse with the victim through the use of her physical helplessness and is guilty of rape."
[Woodward v. Virginia, 12 Va. App. 118, 402 S.E.2d 244, 246 (1991).]
*49 In directly addressing the question of whether, for the purposes of a sexual touching crime, one is physically helpless when asleep, the Court of Appeals of Washington held that "[T]he state of sleep appears to be universally understood as unconsciousness or physical inability to communicate unwillingness. Therefore, any rational trier of fact could have found beyond a reasonable doubt that the victim was physically helpless based on the evidence she was asleep." State v. Puapuaga, 54 Wash. App. 857, 776 P.2d 170, 172 (1989).
Here the jury heard and accepted the victim's testimony that she was asleep when defendant touched her. From that evidence, it was free to find that the victim was physically helpless within the meaning of the criminal sexual contact statute. See State ex rel. M.T.S., 247 N.J. Super. 254, 258-59, 588 A.2d 1282 (App.Div. 1991) (dictum) ("Had the trial judge accepted the victim's story that she was penetrated while sleeping, there might have been a finding that she was `physically helpless' at the time."), rev'd on other grounds, 129 N.J. 422, 609 A.2d 1266 (1992).

III
We turn finally to defendant's sentence. We have carefully reviewed this record and have concluded that the aggravating factors relied upon by the trial judge to justify a sentence greater than the presumptive and to impose a period of parole ineligibility were fully supported by the evidence. (No mitigating factors were found.) The weighing of these factors conformed to the legislative policies underlying our sentencing law and the sentence is not so unreasonable as to shock our conscience. State v. Roth, 95 N.J. 334, 364-65, 471 A.2d 370 (1984).
Affirmed.