# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3322-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ISMAEL G. QUINONES,
a/k/a ISMAEL GONZALEZ,
and ISHMAEL QUINONES,

     Defendant-Appellant.

_____

Submitted December 1, 2020 – Decided February 16, 2021

Before Judges Fisher and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 13-07-1924.

Joseph E. Krakora, Public Defender, attorney for appellant (Anthony J. Vecchio, Designated Counsel, on the brief).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel Marzarella, Chief Appellate Attorney, of counsel; Cheryl L. Hammel, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant appeals the denial of his petition for post-conviction relief (PCR), in which he asserted an ineffective-assistance-of-counsel claim. Judge Guy P. Ryan rejected defendant's claim that his counsel was ineffective and that his ineffectiveness caused defendant to agree to a plea bargain he would not otherwise have accepted. We substantially agree with Judge Ryan's comprehensive analysis and affirm.

To obtain relief on ineffective-assistance-of-counsel grounds, a defendant must show that counsel's performance was deficient and the deficiency prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987). To satisfy those two prongs, a defendant "must prove an objectively deficient performance by defense counsel" and that the deficiency was so prejudicial that "it is reasonably probable that the result would be altered." State v. Allegro, 193 N.J. 352, 366 (2008).

A defendant's right to effective assistance of counsel extends to the decision to enter a guilty plea. State v. Gaitan, 209 N.J. 339, 350-51 (2012). To meet the Strickland prejudice prong in a claim based on a guilty plea, a defendant must demonstrate "a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted

on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also State v. Aburoumi, 464 N.J. Super. 326, 339 (App. Div. 2020). A defendant also "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010); see also Aburoumi, 464 N.J. Super. at 339.

We defer to a "trial court's factual findings made after an evidentiary hearing on a petition for PCR," State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016), when they are supported by substantial credible evidence, State v. Harris, 181 N.J. 391, 415 (2004). We also defer to a trial judge's credibility determinations. Reese v. Weis, 430 N.J. Super. 552, 567 (App. Div. 2013). We "review de novo the court's conclusions of law." Blake, 444 N.J. Super. at 294.

In an interview with detectives,[1] defendant conceded that he had sexual relations with the victim but contended that it was a consensual part of a drugs-for-sex deal he had made with the victim's boyfriend. He acknowledged that he had not met or spoken with the victim before he entered her hotel room. According to the victim, she had fallen asleep in their hotel room before her boyfriend left to get them food and she woke up to defendant performing a sex

---

[1] The trial judge granted defendant's motion to suppress defendant's statements to detectives but later held that the statements could be used at trial to impeach defendant if he testified.

act on her. When she realized what was happening, she left the room and went to the office of the hotel manager. The manager described her as being wrapped in a blanket, "hysterically crying and screaming" and "yelling" that she had been raped.

Defendant was charged with two counts of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(7) and 2C:14-2(a)(3), and one count of second-degree burglary, N.J.S.A. 2C:18-2. Defendant does not dispute Judge Ryan's finding that he faced a possible term of fifty-years imprisonment with a forty-two-year period of parole ineligibility and the likelihood that he would have served that sentence consecutive to other sentences for other pending charges.

Pursuant to a negotiated plea agreement, defendant pleaded guilty to one count of second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1), and was sentenced to seven-years imprisonment, subject to an eighty-five percent period of parole ineligibility, which was less than the ten-year sentence recommended by the State and was to run concurrent to a sentence he then was serving on another conviction. He was also sentenced to parole supervision for life. During the plea hearing defendant admitted under oath that he had removed the victim's pants and sexually penetrated her vaginally without her consent.

A-3322-18

Defendant did not file a direct appeal but instead filed a PCR petition. In that petition defendant asserted that his trial counsel was ineffective because he (i) failed to contact the doctor and nurse who had treated the victim and, according to defendant, would have established that the victim was not intoxicated at the time of the assault[2]; (ii) failed to inform defendant that he could have called the treating doctor and nurse and the hotel manager[3] to testify as to the victim's intoxication level; and (iii) failed to retain a psychopharmacology expert who "would have testified that the victim was not intoxicated to the level which would render her incapable of consenting to engaging in sexual relations." Defendant asserted that if, instead of telling him that he had "no defense," his counsel had told him that he could call those witnesses to testify about the victim's lack of intoxication, he would not have pleaded guilty and would have taken the case to trial.

After the initial oral argument on defendant's petition, Judge Ryan held an evidentiary hearing at which defendant, his trial counsel, and an emergency-

---

[2] According to a blood sample taken at the hospital hours after the assault, the victim had a blood alcohol level of .093. The nurse had conducted a Glasgow Coma Scale test on the victim, found her to be "oriented," and did not note that she was intoxicated.

[3] The manager told the detective that when the victim and her boyfriend checked into the hotel, the victim was not "intoxicated" but "a little buzzed."

 A-3322-18

room nurse who had treated the victim testified. The judge found the testimony of counsel and the nurse to be credible and defendant's testimony to lack credibility. He concluded defendant had failed to establish that his counsel's performance was deficient or that a decision to reject the plea bargain would have been made or would have been rational. Those conclusions were supported by substantial credible evidence in the record.

Defendant's PCR argument is premised entirely on the victim's purported lack of intoxication. As Judge Ryan found, "focusing a defense on the alleged lack of intoxication would have been a precarious strategy" and "[b]eing cautious about asserting such a defense was sound advice from defense counsel." That defense posed a significant risk of leading to the admission of evidence that supported the State's case. Defendant would have had to testify to prove his contention that the victim had consented. In testifying, defendant risked exposing the jury to his numerous prior felony convictions, his statements to the detectives, and his admission that he was dealing drugs that night.

Although the manager might have testified that the victim was only "a little buzzed," he also would have told the jury the victim had come into his office, "hysterically crying and screaming," wrapped only in a blanket, and "yelling" she had been raped. Judge Ryan correctly concluded that it would

6

have been "foolhardy" to call the manager as a witness because any benefit in calling him to testify about the victim's intoxication level was "far outweighed by the otherwise damaging effect his testimony would have had."

Assuming the testimony of a treating or expert witness would support defendant's lack-of-intoxication defense, the State could have rebutted that testimony by retaining an expert who would have found that the victim's blood alcohol level was higher at the time of the assault – likely over .1 as trial counsel credibly testified – than it was hours later when her blood was drawn at the hospital. In addition, the treating doctor or nurse could have testified that the victim appeared to be upset and was crying and that they found a tampon up towards her cervix, "impacted," a condition which, as trial counsel testified, is generally not consistent with consensual sex.

More important, in basing his argument entirely on a lack-of-intoxication defense, defendant ignores the State's primary argument: the victim was unable to consent because she was asleep. See, e.g., State in Interest of M.T.S., 129 N.J. 422, 444 (1992) (reinstating sexual-assault conviction involving victim who was asleep at the time of the assault); State v. Rush, 278 N.J. Super. 44, 47-49 (App. Div. 1994) (affirming criminal sexual-contact conviction, court found sleeping victim meets physically-helpless standard); N.J.S.A. 2C:14-2(a)(7)

7

("[t]he victim, at the time of sexual penetration, is one whom the actor knew or should have known was: (a) physically helpless . . . "). As trial counsel credibly testified, "[b]ased upon the statute, the intoxication wasn't a significant issue."

On appeal, defendant asserts that counsel's performance was deficient also because he failed to review the entire discovery with defendant. Comparing trial counsel's "credible and compelling" testimony to defendant's "bald assertions," which were "contradicted by his own words during the evidentiary hearing" – including his admission that before he pleaded guilty, his counsel had reviewed with him the victim's blood alcohol reading and other hospital records regarding the victim, Judge Ryan rejected defendant's contention that trial counsel had failed to review records with him. We see no abuse of discretion in that credibility determination.

Defendant incorrectly contends that Judge Ryan's "belief that defendant's chances at trial would have been poor is of no moment." To the contrary, that assessment, based on the credible evidence in the record, is directly relevant to what a judge ultimately must decide in an ineffective-assistance claim based on a guilty plea. A lawyer who recommends proceeding to trial based on a defense that will lead to the introduction of evidence supporting the State's case more than his client's case is not effective; rejecting a plea deal and going to trial

8

based on a defense with little, if any, likelihood of success is not rational, especially when the potential risk is an additional three decades in prison.

Rather than ineffective, Judge Ryan found that trial counsel was "diligent, thorough, effective and successful in negotiating a favorable plea agreement and excellent sentencing result" for defendant. Finding the evidence against defendant to be "overwhelming" and the plea agreement to be "very favorable," Judge Ryan held that defendant had submitted "no credible evidence" supporting his contention that he would have rejected the plea deal and instead would have insisted on going to trial, or that a rejection of the plea deal would have been "rational under the circumstances." Padilla, 559 U.S. at 372. Those conclusions were well supported by substantial credible evidence in the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9
A-3322-18