WHITAKER *v.* THE STATE.

No. 15179.   JUNE 5, 1945.

348

*Carlyle Giles* and *D. D. Veal,* for plaintiff in error.

*T. Grady Head, attorney-general, C. S. Baldwin Jr., solicitor-general,* and *N. J. Smith, assistant attorney-general,* contra.

DUCKWORTH, Justice.  (After stating the foregoing facts.)  ■ "Rape is the carnal knowledge of a female forcibly and against her will."  Code, § 26-1301.  In the present case, the evidence unquestionably authorized the jury to find that the accused had had carnal knowledge of the named female.  There was no evidence whatever that he employed physical force or coercion in accomplishing the intercourse.  The conviction can be upheld only upon the theory of the State upon which the prosecution was planted, to the effect that the female was mentally incompetent to give an intelligent assent to the act of intercourse.  "The test of mental capacity under this rule is whether she was capable or incapable of giving consent or of exercising any judgment in the matter."  *Gore* v. *State,* 119 *Ga.* 418, 420 (46 S. E. 671, 100 Am. St. R. 182).  It was further stated in the cited case that, "In the case of rape of an idiot or lunatic, the mere proof of connection will not warrant the case being left to the jury.  There must be some evidence that it was without her consent, e. g., that she was incapable from imbecility of expressing assent or dissent; and if she consent from mere animal passion, it is not rape."  In an earlier case, this court, speaking on the question now under consideration, said: "Like all other children, she lacked the instinctive intelligence to comprehend the nature and consequences of this atrocious act—to reason

upon duty—to distinguish, morally and legally, between right and wrong—to have the consciousness of guilt and innocence clearly manifested." *Stephen* v. *State,* 11 *Ga.* 225, 239. It is apparent that the jury alone, under proper legal instructions from the court, by a consideration of all the evidence can determine whether or not such a female is mentally capable of giving such assent as the law requires to be shown. As was pointed out in the *Gore* case, the appearance of the female before the jury and the trial judge supplied them with information touching the mentality of the girl which the printed record before this court does not and can not present to us. Sexual intercourse with an imbecile female, who is incapable of giving an intelligent assent or dissent or of exercising judgment in the matter, constitutes rape. *Gore* v. *State,* supra; *Brown* v. *State,* 138 *Ga.* 814 (76 S. E. 379); *Smith* v. *State,* 161 *Ga.* 421 (131 S. E. 163); *Mitchell* v. *State,* 190 *Ga.* 571 (9 S. E. 2d, 892). The evidence in this record was sufficient to authorize the verdict, and the general grounds of the motion for new trial are without merit.

■ Under the provisions of the Code, § 38-1707, a witness may refer to a written memorandum for the purpose of refreshing his memory, provided he finally shall speak from his recollection thus refreshed or shall be willing to swear positively from the paper. The obvious purpose of this statute is to allow proper and legitimate aid to a witness which will enable him to testify fully as to his knowledge. Illegal evidence must not be allowed to reach the jury on the pretense that it is offered in compliance with this statute. The law must not be made a back door through which inadmissible evidence is allowed to reach the jury. The special ground of the motion complains of the ruling of the court prohibiting counsel for the defendant, while cross-examining the blind father of the injured female, from reading the contents of a certified copy of the school record of such female. It was not shown that the witness had ever seen or heard read or even knew of the existence of such a record. He had testified that he had known but did not remember the grades appearing on the girl's report card, but had not attempted to say what the county-school records showed on that subject. It appears further that prior to the trial the solicitor-general had agreed with counsel for the defendant that such counsel might introduce in evidence without objection a certified copy of

the school record here involved. Any bona fide desire to supply the jury with the information it contained would have been fully satisfied by the introduction of such document in evidence. It was not so introduced. It would appear, therefore, that in the judgment of counsel for the accused the contents of the document were not evidence beneficial to the defendant. The court did not err in the ruling complained of.

*Judgment affirmed. Bell, C. J., Jenkins, P. J., Atkinson and Wyatt, JJ., concur.*