## BROWN v. THE STATE.

FISH, C. J. 1. Upon the trial of one under an indictment for rape, the court did not err (the evidence authorizing it) in instructing the jury: "If you believe and find from the evidence submitted in this case that the defendant now on trial had carnal knowledge of Penny Jones [the prosecutrix, and the wife of another], and that at the time she was asleep and not consenting, or having given the defendant any reason to believe she consented, and the sexual connection was against her will, the jury would be authorized to find that the act was one of rape. Carnal knowledge of a woman while she is asleep and unconscious of the act, and her body being penetrated before she awakes, would be against her will and without her consent, and would constitute the offense of rape, unless she had given the party charged with the rape some reason to believe that she consented to the act." Reg. v. Mayers, 12 Cox's Crim. Cases, 311; Reg. v. Young, 14 Ib. 114; Harvey v. State, 53 Ark. 425 (14 S. W. 645, 22 Am. St. R. 229); Maupin v. State (Ark.), 14 S. W. 924; Malone v. Com., 91 Ky. 307 (15 S. W. 856); Payne v. State, 40 Tex. Cr. 202 (49 S. W. 604, 76 Am. St. R. 712); State v. Shroyer, 104 Mo. 441 (16 S. W. 286, 24 Am. St. R. 344); State v. Welch, 191 Mo. 179 (89 S. W. 945). In Gore v. State, 119 Ga. 418 (46 S. E. 671, 100 Am. St. R. 182), it was held that the words, "against her will," in the definition of rape, are synonymous with "without her consent," and that therefore: "A man who has sexual intercourse with an imbecile female who is mentally incapable of expressing any intelligent assent or dissent, or of exercising any judgment in the matter, is guilty of rape, though no more force be used than is necessary to accomplish the carnal act, and though the woman offer no resistance." This ruling in effect authorized the instruction complained of. See also Carter v. State, 35 Ga. 263; Com. v. Burke, 105 Mass. 376 (7 Am. R. 531).

2. Failure to charge upon the subject of impeachment of witnesses, and as to the rule in reference to reconciliation of conflicting testimony, is not cause for a new trial, in the absence of appropriate and timely written requests to instruct in reference thereto. Lewis v. State, 125 Ga. 48 (53 S. E. 816), and cit.; Lewis v. State, 129 Ga. 731 (59 S. E. 782); Alford v. State, 137 Ga. 459 (73 S. E. 375); McCrary v. State, 137 Ga. 784 (74 S. E. 536).

3. There was evidence to support the verdict, and the court did not err in refusing a new trial.　　Judgment affirmed.　All the Justices concur.
　　　　　　　　　　　NOVEMBER 13, 1912.

Indictment for rape.　Before Judge Martin.　Pulaski superior court.　August 1, 1912.

M. H. Boyer and W. L. & Warren Grice, for plaintiff in error.

T. S. Felder, attorney-general, and E. D. Graham, solicitor-general, contra.