## MITCHELL *v.* THE STATE.

JENKINS, Justice. 1. The verdict of guilty of rape, with a recommendation to mercy and a sentence of ten years imprisonment, was authorized by the testimony of the alleged victim, corroborated by other testimony.

2. While it is true that a female over fourteen years of age is presumed to possess sufficient mental capacity to intelligently consent to or dissent from an act of sexual intercourse, and that where in a rape case one of the contentions of the State is that a woman above that age did not

572

possess such intelligence, the burden rests on the State to establish this fact (*Smith* v. *State*, 161 *Ga.* 421 (2, *a*), 131 S. E. 163), still the court in this case having charged as favorably to the defendant as he could have any right to expect upon the degree of intelligence required of a female to give legal effectiveness to her consent, and having charged that the question of her mental capacity was one for determination by the jury under the evidence, and having further charged that it was incumbent upon the State to prove every material allegation in the indictment, and that the defendant entered upon the trial of the case with the presumption of innocence in his favor, and that such presumption remained with him throughout the trial unless and until it was overcome by proof on the part of the State establishing his guilt beyond a reasonable doubt, the judge did not err in failing to charge on his own motion and without any request as to the burden of proof upon such specific question relating to the mental capacity of the female. *McCombs* v. *State*, 148 *Ga.* 304 (2) (96 S. E. 385).

3. "In order 'to ascertain whether a particular part of a charge, excepted to as expressing an opinion on the facts, is fairly liable to such exception, the whole charge, written and in the record, may be considered.' . . It is only 'when the charge of the court assumes certain things as facts, and is in such shape as to intimate to the jury what the judge believes the evidence to be,' that the rule of the statute [Code, § 81-1104] is infringed." *Olliff* v. *Howard*, 33 *Ga. App.* 778, 782 (127 S. E. 821), and cit.; *Bainbridge Coca-Cola Bottling Co.* v. *Miller*, 38 *Ga. App.* 763 (3) (145 S. E. 473). There was no expression or intimation of opinion in the charge in this case by using the words "said offense" in an instruction that "no conviction shall be had for *said offense* on the unsupported testimony of the female in question," since this language immediately followed the statement, "I will give you the definition of rape as defined by the Code of Georgia," which the judge proceeded to do, and the words complained of thus plainly had reference, not to what constituted the proved facts of the particular case, but to the "offense" as defined by the Code. Immediately following this language, the judge was careful to state, "You may look to all the facts and circumstances and see if [the woman] made an outcry at the time the crime was committed, *if one was committed.*" Nor is there any merit in the exception to the words, "*the* crime of rape," in an instruction that "*the* crime of rape, *the law says*, shall be punished by death, unless the jury recommend him to mercy," since manifestly the judge was merely stating what the law prescribed as to the punishment for any crime of rape, without referring to what facts had been proved in this case.

*Judgment affirmed. All the Justices concur.*

No. 13316. JUNE 13, 1940. REHEARING DENIED JULY 12, 1940.

*L. S. Johnson* and *William Hall,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, A. S. Skelton, solicitor-general, L. P. Webb, Duke Davis* and *C. E. Gregory, assistant attorneys-general,* contra.