### 29381. EVANS *v.* THE STATE.

**DECIDED JULY 16, 1942.**

*H. F. Rawls,* for plaintiff in error.
*Dave M. Parker, solicitor-general,* contra.

GARDNER, J. The evidence in this case presents a most horrible situation. It would serve no good purpose to detail it here. The jury found the defendant guilty of assault with intent to rape. We think the evidence overwhelmingly supports the finding. To our minds it shows beyond peradventure that the white woman whom the negro man attacked was unconscious from excessive use of intoxicating liquor.

There are three elements constituting this offense: (1) Unlawful assault; (2) Intent to have carnal knowledge of a female, and (3) forcibly and against her will. As to the first two there seems to be no dispute. Regarding the third, it is rape to have sexual intercourse with an imbecile female. *Gore* v. *State,* 119 *Ga.* 418 (46 S. E. 671, 100 Am. St. R. 182). To the same effect see *Smith* v. *State,* 161 *Ga.* 421 (131 S. E. 163); *Brown* v. *State,* 138 *Ga.* 814 (76 S. E. 379). In the *Gore* case, Judge Cobb speaking for

the court and a full bench except Judge Simmons who was absent, says: "Various definitions of the offense [rape] have been given. A number of these are collected in an article in 13 Criminal Law Magazine, page 503, the author of which puts into the following definition the various elements of the several definitions: 'Rape is the act of having carnal knowledge, by a man, of a woman, forcibly and against her will, or without her conscious permission, or where permission has been extorted by force or fear of immediate bodily harm.' This is probably as comprehensive as any definition that could be given. Ordinarily penal laws are construed strictly, and, strictly speaking, it might with some force be contended that an act can not be 'against the will' of a person when he or she is not in a physical or mental condition to exercise any will on the subject. See, in this connection, Croswell v. People, 13 Mich. 427, 437; Bloodworth v. State (Tenn.), 32 Am. R. 546. The authorities generally, however, construe the words 'against her will' to be synonymous with 'without her consent,' and hold that the act of sexual intercourse is against the woman's will when, from any cause, she is not in a position to exercise any judgment about the matter. Thus intercourse with a woman whose will is temporarily lost from intoxication, or unconsciousness arising from the use of drugs or other cause, or sleep, etc., is rape. As stated above, there are a few cases opposed to this view, but the great weight of authority is undoubtedly in favor of giving to the statute such a construction as that just indicated. We have to consider in this case, however, only that form of inability to consent which is presumed to arise from idiocy or imbecility."

As previously stated, we will not detail the evidence, but the whole setting as revealed by the evidence shows that the female was unconscious. Aside from the gruesome details, one witness testified: "They acted to me like they were all drunk, or they acted that way. I didn't see them drink anything. All of them acted that way." The sheriff, who was called and who arrived at the scene before the conduct of the accused terminated, testified: "Her clothing was just about as high as they can get: They would be up about that high [illustrating about the waist]. Her legs were exposed and her hips, not clear to her waist. They were exposed to up near the waist. Her condition with respect to drinking was apparently she had just waked up, the way I judge it. She had been drunk, she had that appearance."

To reverse the conviction under the evidence in this case would be, in our opinion, to hold that unlawful intercourse with a female who is unconscious from the use of intoxicating liquors is not rape. We have no quarrel with our colleague who interprets the evidence differently. The judge approved the verdict. We think this judgment should be affirmed.

*Judgment affirmed. Broyles, C. J., concurs.*

MacIntyre, J., dissenting. "In order to find a prisoner guilty of an assault with intent to commit rape, the jury must be satisfied that the prisoner, when he laid hold of the [woman], not only desired to gratify his passion upon her person, but that he intended to do so at all events, and notwithstanding any resistance on her part." McNair v. State, 53 Ala. 453, 455. If the intention of the accused was to desist as soon as he found that the woman would not consent, he was not guilty of an assault with intent to rape. *Taylor* v. *State,* 50 *Ga.* 79. It is the settled law in this State that without force, either actual or constructive, there can be no rape. " 'It is settled by a chain of adjudications, too long and unbroken to be now shaken, that force is a necessary ingredient in the crime of rape. The only relaxation of this rule is that this force may be constructive. Under this relaxation it has been held that where the female was an idiot, or had been rendered insensible by the use of drugs or intoxicating drinks, . . she was incapable of consenting, and the law implied force.' " Lewis v. State, 30 Ala. 54, 56 (68 Am. D. 113). "The intent to use force, however, in case . . stupefaction should fail, is essential to the offense." 1 Wharton's Crim. Law (12th ed.), 915 (13), § 682.

There was no testimony that the woman resisted any of the advances of the white man or the negro, or that the defendant used force except such as was incident to raising up her clothing while she was apparently sleeping. The absence of all violence, and all evidence of any intention to use force, if necessary, to overcome the will of the woman, the time, the place, and all the circumstances, invest the charge with great improbability. However reprehensible was the conduct of the accused, the evidence is consistent with the desire on his part to have sexual intercourse with the woman in question, but without an intention to use force if necessary to gratify his desires. The guilt of the defendant is not to be inferred because the facts are consistent with his guilt, but they

must be inconsistent with his innocence. *Dorsey* v. *State,* 108 *Ga.* 477, 483 (34 S. E. 135). There was no actual force; and unless the evidence was sufficient to show constructive force, that is, that the woman ·was so intoxicated as to be unconscious or unable to comprehend fairly the nature and consequences of the attempted sexual act, there was no assault with intent to rape. The woman herself did not testify that she was unconscious. In fact she did not testify at all at the trial, but sent a certificate by a doctor stating that her baby was ill, and that "she will not be able to attend court Monday, September 1, 1941." While there was direct evidence that the three men in the drinking party were seen to have taken drinks, yet there was no direct evidence that the woman had taken any drinks. A witness at a place two and one-half miles from the place of the actual occurrence testified: "They acted to me like they were all drunk, or they acted that way. I didn't see them drink anything. All of them acted that way." This testimony referred to the three men, one of whom was the defendant, and the woman in question.

The sheriff testified that when he arrived at the semi-public place in question the woman's clothes were up about her waist or a little higher, and that she appeared to have been asleep and to have just waked up; that "she had been drunk, she had that appearance." The sheriff did not arrest her for being drunk, but arrested her for public indecency. It seems to me that it is entirely consistent with the evidence in this case that the sheriff was correct in his diagnosis of the matter. He testified that the defendant "was drinking some, but he wasn't drunk. Knox was about half way. About what I could call half drunk." He further testified that the husband was slumped under the steering wheel of the truck and that he was· unconscious from drink. All four were in the cab of the truck.

I am not prepared to say that, when men and women engage in a drinking spree, the mere raising of a woman's clothes up to her waist, or perhaps higher, by one of the drinkers in the party, where there is no resistance on the woman's part, will authorize a jury to convict the accused of assault with intent to rape, where it is not shown that the woman was unconscious from drink or otherwise. The intent to use force, in case stupefaction should fail, is essential to this offense. As stated above, the woman did not her-

self testify that she was unconscious at the time. However vulgar or indecent the acts of the parties might be, I do not think the State made out a case of an assault with intent to rape. "The particular criminal intent charged must be proved. It will not do to prove that the prisoner had that intent or some other, although the other may have been criminal; and-especially if the other, although immoral, was not criminal." *Dorsey* v. *State,* supra. It may be that the evidence was sufficient to authorize a verdict of assault and battery, but that question is not now presented to us. I think the judgment should be reversed.