33251.   McCALL *v.* THE STATE.

DECIDED NOVEMBER 4, 1950.

632

■■■■■■■■

*McDonald & McDonald,* for plaintiff in error.

*Harvey L. Jay, Solicitor-General,* contra.

GARDNER, J. There are no special assignments of error, and the only question presented is as to the sufficiency of the evidence adduced to support the verdict rendered. Around 10 p.m. on Saturday, March 18, 1950, said Mrs. Kollock was proceeding alone along Pine Street in the City of Fitzgerald, Ben Hill County, Georgia, on her way to her home, which was but a short distance away. Mrs. Kollock was a matron and lived with her husband and grown daughter. She had been to the Grand Theater in said town to collect some wages due her and was on her way home after collecting the same. As Mrs. Kollock reached a dark alley leading off from Pine Street, a man came up to her from behind, grabbed her arm, and brusquely stated, "Come and go up this alley with me," and Mrs. Kollock refused, whereupon this man renewed his demand and insisted that she come up the alley, and this woman again said that she would not do so. Thereupon, the man began pulling her in the direction of the alley and struggling with her, as she resisted. Mrs. Kollock felt a stinging sensation over her left breast and warm blood trickling down. She began to scream, and a woman, Mrs. Thomas Luke, who was on her porch directly across the street, who had witnessed the occurrence, also began to scream and started to the assistance of Mrs. Kollock. Mrs. Kollock's assailant then became excited and frightened and jerked at her pocketbook, but Mrs. Kollock succeeded in wrenching the same from him, and the man ran off up the dark alleyway.

When Mrs. Luke reached Mrs. Kollock, she noticed that the latter's dress was covered with fresh blood and that she was then bleeding profusely. Mrs. Luke immediately assisted Mrs. Kollock across the street to her home and then called the Fitzgerald police department. When the police arrived, Mrs. Kollock gave them a description of her assailant, stating that he

was a young man and blond, without a coat on and hatless, and that she had never seen him before this night. The police carried Mrs. Kollock to the hospital where she was treated by Dr. Johnson, who testified that the wound was a serious one, made with some sharp-pointed instrument, and that it could have produced her death. Later, the police found the defendant, who was seated in a cafe with another man, drinking coffee, and he was not wearing a coat or hat. The police immediately brought the defendant before Mrs. Kollock and she promptly and unhesitatingly identified him as the person who had grabbed her and stabbed her. There was no evidence as to any drinking of liquor by the defendant. The defendant denied that he was the person who grabbed and cut Mrs. Kollock, stating that he did not know her, and he introduced evidence tending to show the improbability of his being at the scene of this crime at the time it was alleged to have taken place and also evidence tending to establish that he was elsewhere. The jury did not find the defendant guilty of an assault with intent to murder Mrs. Kollock, so that this court is not concerned with that question. It is conceded that there was evidence to support the finding of the jury on the first count that an assault and battery had been committed on Mrs. Kollock. However, it is urged that under the foregoing facts, a verdict finding this defendant guilty of an assault with intent to commit rape on the woman, Mrs. Kollock, was not justified. It is contended that the mere fact that the defendant grabbed Mrs. Kollock's arm and insisted that she "Come and go up this alley with me" did not authorize the jury to find that his intent was to commit rape on Mrs. Kollock. It appears that the man was a total stranger to Mrs. Kollock and that she had never seen him before this occasion. It can hardly be said that the defendant had a quarrel with Mrs. Kollock and wanted to avenge himself on her or someone else by stabbing and murdering her. No motive for her murder by the defendant appears. Furthermore, under the facts appearing, it was not probable that the defendant grabbed Mrs. Kollock in the manner and at the time and place that he did for the purpose of committing robbery. Had robbery been the sole motive of the defendant, he would likely have immediately robbed her, without seeking to have her come up the dark alleyway. It was late at night and

the street was deserted. He could have simply grabbed her pocketbook and run. The jury could have found, as they did, that the defendant had rape in mind, when he grabbed Mrs. Kollock. The defendant made no effort to grab her purse until after Mrs. Kollock had screamed and the other woman had started to her. He then made a grab for the pocketbook. This was after he had struggled with her and had stabbed her. The jury was authorized to find that his intent to rob Mrs. Kollock arose on the spur of the moment, without premeditation, and after he had apparently abandoned his first motive, that of getting her to come up this dark alley with him, for the purpose of rape, as the jury found. In *Sharpe v. State*, 48 *Ga.* 20 (2), the Supreme Court said: "It is a principle found in many decisions, and in the elementary books, that a person may be guilty of this offense [assault with intent to rape] though the intent afterwards subsides and he desists from his purpose, especially if he so desists from fright at being detected, or from inability to accomplish his purpose." What reason could the defendant have had in demanding this strange woman to go up the dark alley with him after grabbing her arm, and then pulling her in the direction of the alley? The jury might well have determined, as the jury apparently did, that, under all the facts, the intent of the defendant at this time was to have carnal knowledge of this woman, forcibly and against her will, if necessary to accomplish his purpose.

It is insisted that under the decision of the Supreme Court in *Dorsey v. State*, 108 *Ga.* 477 (34 S. E. 135), holding that "In order to authorize a conviction for the offense of assault with intent to rape, the evidence must show beyond all reasonable doubt, (1) an assault, (2) an intent to have carnal knowledge of the female, and (3) a purpose to carry into effect this intent with force and against the consent of the female. If any of these three elements is lacking the offense is not made out." See also, in this connection, *Evans v. State*, 67 *Ga. App.* 631 (21 S. E. 2d, 336). We cannot agree with the plaintiff in error that the evidence did not authorize the jury to find that all three of the above elements existed here, and that under the above rule a new trial is demanded. There was clearly an assault. The jury were authorized to eliminate that the defendant intended by his

actions to commit robbery or intended to murder the woman for some other reason. This leaves for consideration the question, what was the defendant's purpose in having this woman go up the alley with him? The jury were justified in determining that under the facts the defendant had in mind having carnal knowledge of this woman. When the woman refused his demand that she come up this dark alley with him, the man insisted and having already grabbed her arm, he began pulling her towards the alley. The jury from the above, coupled with what has been heretofore pointed out, were fully authorized to find, as the jury evidently did, that the defendant's purpose was to have carnal relations with this woman, forcibly and against her will. He did not desist from his efforts until she began to scream and the woman across the street likewise began to scream and started towards where the defendant and Mrs. Kollock were. The time was late at night, and it could hardly be said that the purpose of the defendant was to take an evening stroll with a perfect stranger up a dark alley. As we have noted, if robbery had been his prime motive, he could easily have grabbed her pocketbook and run. However, the defendant importuned the woman to come into this dark alley with him and when she refused, he began pulling her in that direction. It was only when she kept refusing to come with him that he began struggling with her and stabbed her, and then when he saw that he was being discovered, when the woman across the street started to Mrs. Kollock's assistance, he became frightened, grabbed futilely at her pocketbook, and then ran off up the alley. As stated, the jury could have well eliminated robbery as the prime motive, and also, as he was a stranger to Mrs. Kollock, have easily eliminated any other reason to stab her and to have her come up this alley, save the desire and purpose of having some sort of sexual relations with her, and forcibly if needs be.

We feel that this verdict was authorized and supported by the evidence, and while the jury would have been authorized to find a different verdict, there was evidence which, if the jury believed the same, with proper inference therefrom, which the jury evidently did, tended to show beyond a reasonable doubt that the purpose of the defendant was to have carnal knowledge of Mrs. Kollock against her will and that he assaulted her with this purpose in mind.

We have carefully considered *Pickett* v. *State*, 53 *Ga. App.* 478 (186 S. E. 206); *Gaines* v. *State*, 7 *Ga. App.* 397 (66 S. E. 1099); *Horseford* v. *State*, 124 *Ga.* 784 (53 S. E. 322); *Scott* v. *State*, 63 *Ga. App.* 353 (11 S. E. 2d, 64), and others, and are of the opinion that the case being in this court solely on the general grounds, and the evidence supporting the verdict rendered, it was not error to overrule the defendant's motion for new trial.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*