### 54779. PAUL v. THE STATE.

WEBB, Judge.

Willie James Paul, Otis Hurt, Jr. and Sidney Farley were jointly indicted for the offenses of rape and murder of a 66-year-old female. Paul's motion for severance was granted, and on trial he was acquitted of the murder charge and convicted of rape. An overall statement of facts is found in *Hurt v. State,* 239 Ga. 665 (1977). Paul enumerates ten alleged errors in his appeal.

1. Enumeration one complains that the verdict is without evidence to support it, decidedly and strongly against the weight of the evidence, and contrary to law and the principles of justice and equity. This court passes on the sufficiency of the evidence, not its weight, which was considered by the jury. *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131) (1976); *Brooks v. State,* 141 Ga. App. 725, 739 (234 SE2d 541) (1977). There was evidence to authorize the jury's verdict, and it will not be disturbed.

2. Sexual intercourse with a woman whose will is temporarily lost from intoxication, or unconsciousness arising from use of drugs or other cause, or sleep, is rape. *Gore v. State,* 119 Ga. 418, 419 (46 SE 671) (1904); *Evans v. State,* 67 Ga. App. 631 (21 SE2d 336) (1942). Counsel for Paul concedes that he stated the victim was drunk. Expert testimony was that her blood alcohol content was .23 per cent. We find no error in the charge as contended in the second enumeration.

3. Paul charges as the third error that questions to the expert witness asked by the trial court were an expression of opinion by the court and highly prejudicial. We do not agree. None of the questions was prejudicial, and the trial judge stated to the jury immediately thereafter that "I do not express any opinion. . . as to any

aspect of this case or as to the guilt or innocence of this defendant. The object of all legal investigations is the discovery of the truth. I have no opinions whatsoever in this case."

4. Charged as error number four was the admission of evidence reflecting the guilt or innocence of the accused's co-conspirators. From our review of the record it appears that there was a prima facie showing of a conspiracy between the accused and his co-indictees, and the evidence reflecting on the guilt or innocence of the co-indictees was properly admitted. *McCluskey v. State,* 212 Ga. 396, 398 (93 SE2d 341) (1956).

5. There is no merit in Paul's fifth contention that photographs of the victim should not have been admitted into evidence. *Baker v. State,* 238 Ga. 389, 393 (4) (233 SE2d 347) (1977).

6. Urged as error number six was the admission of testimony by Al Banks as to the contents of a conversation he had had with the victim's granddaughter, objected to as being hearsay. Banks testified that the accused was present at the time of the conversation. Such testimony was not objectionable as being hearsay. *Perkins v. State,* 231 Ga. 680, 682 (2) (203 SE2d 854) (1974).

7. The trial judge sustained an objection to the question "When you walked in the house, there and you saw Willie James getting up off Ms. Charlotte with his zipper open and hanging out of it, did you think that there was anything unusual about that?" Here the witness was being asked his mere conclusory opinion as to an issue ultimately for the jury to determine, and it was not error to sustain the objection.

8. The accused asserts as errors eight and nine that his conviction was void because both the grand jury and the traverse jury were drawn from arrays which grossly and unconstitutionally underrepresented women and Negroes.

Counsel for this accused was appointed May 24, 1976; the accused was indicted May 31, and was tried on June 22 and 23. The proper method for objecting to the composition of the grand jury is a challenge to the array before the indictment is returned. Likewise, objection to the traverse jury must be raised by challenge to the array

108

at the earliest opportunity the accused has to avail himself of that right. Ordinarily the issue cannot be raised for the first time after the trial, verdict and imposition of sentence, by motion for new trial as the accused here attempts. *Cobb v. State,* 218 Ga. 10, 21 (3) (126 SE2d 231) (1962). His amended motion for new trial setting forth these contentions for the first time was filed March 28, 1977, nine months after trial. This same procedure as to the same grand jury was attempted and denied in *Collins v. State,* 143 Ga. App. 583 (1977). Objections to the juries not having been timely raised, these enumerations cannot be allowed under our Supreme Court decisions. *Blevins v. State,* 220 Ga. 720, 724 (141 SE2d 426) (1965); *Durham v. State,* 239 Ga. 697 (6) (1977).

9. Paul's tenth enumeration of alleged error is the trial court's refusal to order the district attorney to insert his file into the record of this case on appeal. An in camera inspection of the district attorney's file was made by the trial judge in compliance with Brady v. Maryland, 373 U. S. 83 (1963). The accused has not met his burden of showing how his case has been materially prejudiced by the lack of access to the district attorney's file, and there is no Georgia statute or rule which requires discovery in criminal cases. *Collins v. State,* 143 Ga. App. 583 (2), supra. The contention is without merit.

The evidence supports the verdict.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

ARGUED NOVEMBER 2, 1977 — DECIDED NOVEMBER 22, 1977.

*Rice & Lawrence, George D. Lawrence, Jr.,* for appellant.

*Joseph H. Briley, District Attorney, Charles D. Newberry, Assistant District Attorney,* for appellee.