## 70241. BROWN v. THE STATE.
(331 SE2d 891)

Banke, Chief Judge.

The appellant appeals the denial of his motion for new trial following his conviction of rape.

The factual setting of this case is unusual to the point of being bizarre. The appellant and the victim had been living together for approximately a year and a half, when she suffered a brain injury as the result of a motor vehicle accident and lapsed into a coma from which she has apparently never recovered. The appellant admits that one night several weeks after the accident he had sexual relations with the victim as she lay comatose in her hospital bed. His "defense" to the charge of rape was that because he and the victim had enjoyed a loving sexual relationship prior to her injury, it is reasonable to assume she would have consented had she been capable of doing so. *Held*:

Rape is defined by OCGA § 16-6-1 (a) as "carnal knowledge of a female forcibly and against her will." The phrase "against her will" has been interpreted to mean "without her consent." See *Gore v. State*, 119 Ga. 418, 419 (46 SE 671) (1903); *Drake v. State*, 239 Ga. 232, 233 (236 SE2d 748) (1977). Also, it has been held that "[s]exual intercourse with a woman whose will is temporarily lost from intoxication, or unconsciousness arising from use of drugs or other cause, or sleep, is rape. (Cits.)" *Paul v. State*, 144 Ga. App. 106 (2) (240 SE2d 600) (1977).

Based on these principles, we are constrained to hold that the evidence in this case was sufficient to enable a rational trier of fact to find the appellant guilty of rape beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89 (1) (263 SE2d 131) (1980). Penetration was established by the unequivocal testimony of two hospital employees to the effect that they had observed the appellant in the act of "sexual intercourse" with the victim. Assuming *arguendo* that a legal presumption of consent might arise from proof that the appellant and the victim were united in a common law marriage, the evidence as to the existence of such a relationship was conflicting, and the jury was authorized to conclude that no such marriage relationship existed. Finally, the evidence did not establish as a matter of law that the appellant acted without criminal intent. "As pointed out in *Towler v. State*, 24 Ga. App. 167 (4) (100 SE 42) [1919], the intent with which an act is done is peculiarly a question of fact for determination by the jury, and although a finding that the accused had the intent to commit the crime charged may be supported by evidence which is exceedingly weak and unsatisfactory the verdict will not be set aside on that ground. (Cits.)" *Mallette v. State*, 119 Ga. App. 24, 27 (165 SE2d 870) (1969). See also *Schwerdtfeger v. State*, 167 Ga.

App. 19, 20 (305 SE2d 834) (1983).

2. The trial court did not err in excluding as irrelevant the appellant's proffered testimony concerning the specifics of his prior sexual relationship with the victim, nor did the court err in refusing to give the appellant's requested charge on the defense of consent, there being no question that the victim was incapable of communicating such consent. See *Paul v. State*, 144 Ga. App. 106 (2), supra.

3. The trial court did not err in admitting two photographs of the victim taken as she lay on a hospital bed in a nursing home a few weeks after the incident, where the photographs were identified as depicting her in substantially the same condition she was in on the date in question. Although the photographs were not, strictly speaking, necessary to prove any material fact in the case, there was nothing about them that can reasonably be characterized as gruesome, inflammatory, or prejudicial. "Photographs which are relevant to any issue in the case are admissible even though they may have an effect upon the jury. (Cits.)" *Ramey v. State*, 250 Ga. 455, 456 (298 SE2d 503) (1983). See also *Brown v. State*, 250 Ga. 862, 866-867 (302 SE2d 347) (1983).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED MAY 3, 1985 —
REHEARING DENIED MAY 30, 1985 — 

*Wade C. Hoyt III*, for appellant.

*F. Larry Salmon, District Attorney, Deborah D. Haygood, Stephen F. Lanier, Assistant District Attorneys*, for appellee.