### 69910. GREEN v. THE STATE.
(332 SE2d 385)

BENHAM, Judge.

Appellant was tried on three counts of aggravated assault and found guilty but mentally ill. He brings this appeal from the judgment entered on the jury's verdicts.

1. Appellant's motion for directed verdicts of acquittal on two of the three charges against him was correctly denied. The state presented evidence that appellant, lying in a bathtub and armed with a shotgun, shot a police officer who was responding to a report of a man who had stabbed a person and had then, armed with a shotgun,

fled into a house. After the officer was shot, a member of the Atlanta Special Weapons and Tactics (SWAT) team entered the house in an effort to rescue another police officer who was unable to leave the building due to appellant's armed presence. The SWAT officer, having been informed of appellant's presence in the bathroom of the house, approached the area, announced his status as a police officer, and ordered the perpetrator to surrender. The officer, looking at the bathroom, saw appellant pointing the shotgun at him and, fearing for his life, fired two shots into the bathroom. One shot hit appellant's weapon, rendering appellant unconscious, and he was subsequently taken into custody. In defense of his actions, appellant asserted that he believed that each of the two officers was his stepfather, whom he feared.

Aggravated assault is defined as, among other things, assault with a deadly weapon. OCGA § 16-5-21 (a) (2). A person commits assault when he "[c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury." OCGA § 16-5-20. A directed verdict of acquittal is appropriate only where "there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal. . ." OCGA § 17-9-1 (a). Since the jury, as the rational trier of fact, could have found from the evidence as summarized above the essential elements of aggravated assault beyond a reasonable doubt, it was not error to deny the motion for directed verdicts of acquittal. *Humphreys v. State*, 252 Ga. 525 (1) (314 SE2d 436) (1984).

2. Appellant attempted to present, through the testimony of his wife, evidence of prior acts of aggression against him by his stepfather, the third victim. "The [victim's] general reputation or character for violence has been held to be admissible 'only when there has been a prima facie showing by the defendant that three elements are present: that the [victim] was the assailant; that the [victim] assailed defendant; and that defendant was honestly seeking to defend himself.' [Cits.] The rule requiring proof by the defendant of a prima facie case of present assault by the [victim] also applies in cases in which the defendant seeks to prove prior specific assaults by the [victim] upon the defendant to illustrate his contention that he reasonably believed he had to use deadly force to defend himself. [Cit.]" *Milton v. State*, 245 Ga. 20, 22 (262 SE2d 789) (1980). See also *Sims v. State*, 251 Ga. 877 (3) (311 SE2d 161) (1984). In the case at bar, appellant failed to lay the necessary foundation for the testimony he wished to present; therefore, the trial court's action in limiting appellant's presentation of evidence was correct. Id.

3. Appellant's enumeration of error concerning a hypothetical question asked of an expert witness cannot be reviewed by this court, since the objection made at trial is not the enumeration raised on ap-

peal. See *Melton v. State*, 149 Ga. App. 506 (2) (254 SE2d 732) (1979).

4. The remainder of appellant's enumerations concern the content of the trial court's instructions to the jury. Appellant takes issue with the trial court's failure to include in its charge an instruction on pointing a pistol at another and the instruction on self-defense requested by appellant.

Although pointing a firearm at another (OCGA § 16-11-102) is an offense included in aggravated assault (see *Morrison v. State*, 147 Ga. App. 410 (4) (249 SE2d 131) (1978)), " '(i)t is never error for a trial court to refuse to charge on a lesser included offense even though requested in writing when the evidence does not reasonably raise the issue that the defendant may be only guilty of the lesser crime.' *Quick v. State*, 139 Ga. App. 440, 443 (228 SE2d 592) (1976)." *Wyley v. State*, 169 Ga. App. 106 (2) (311 SE2d 530) (1983). In the instant case, the state's evidence clearly showed that appellant had used a deadly weapon in such a way as to place the SWAT officer in reasonable apprehension of immediately receiving a violent injury, and appellant himself testified of his intent to commit a violent injury to the person of anyone who came into the bathroom/hallway area. "Under this posture there were only two possible verdicts, viz., guilty as charged or a complete acquittal. As no issue was presented as to the included crime of [pointing a gun at another], it was not error to refuse to charge the written [request]." *Quick v. State*, supra.

5. Appellant complains that the charge given the jury on self-defense was incomplete and misleading because it allegedly failed to inform the jury that one might use force in self-defense prior to actually being attacked. The instruction was an almost verbatim recital of OCGA § 16-3-21 (a) and conveyed the idea that a person is justified in using force against another's *imminent* use of unlawful force. Appellant's enumeration is without merit.

6. Lastly, appellant argues that the trial court's recharge on the intent necessary to commit aggravated assault was confusing. We have reviewed the transcript carefully and do not find foundation for appellant's contention.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 10, 1985.

*Melissa M. Nelson*, for appellant.
*Robert E. Wilson, District Attorney, Thomas S. Clegg, Susan Brooks, Assistant District Attorneys*, for appellee.