### 71755. COOPER v. THE STATE.
(348 SE2d 486)

Beasley, Judge.

The defendant appeals his conviction for aggravated sodomy (OCGA § 16-6-2 (a)) on a five-year-old child victim.

1. *Hines v. State*, 173 Ga. App. 657 (327 SE2d 786) (1985), held that the state must show the defendant used force to commit sodomy in order to convict on aggravated sodomy under OCGA § 16-6-2, which specifies that such offense must be "with force and against the will of the other person." *Hines* relied upon *Drake v. State*, 239 Ga. 232 (236 SE2d 748) (1977), a case concerned with distinguishing statutory rape from common-law rape. In differentiating, the court utilized language that "age is irrelevant in a forcible rape case except insofar as it may show [the victim] incapable of giving consent" but that "force must also be shown."

Sodomy is either consensual or nonconsensual. There is no equivalent to statutory rape. Age matters insofar as one might be an accomplice or party to the crime. A child under 13 cannot be guilty of a crime. OCGA § 16-3-1. Thus, our present situation regarding sodomy is very similar to rape in 1852 when the Supreme Court held: "A child under ten years [then the age of criminality] of age, cannot consent to carnal intercourse, so as to rebut the presumption of force." *Stephen v. State*, 11 Ga. 225 (15) (1852). This view was reaffirmed in *Gosha v. State*, 56 Ga. 36 (1) (1876), wherein the court held: "An infant under ten years of age cannot consent to sexual intercourse, and the fact that such is her age is conclusive that the act is done forcibly and against her will." This principle was extended to encompass any person who through some disability either mental or physical, was incapable of either resisting or consenting to the act. Thus, with regard to an imbecile female of the chronological age of 19, the Supreme Court held: "Women like the unfortunate girl involved in this case must be protected, not only against the animal lusts of the members of the opposite sex, but against themselves as well; and men, who, knowing of their imbecility, take advantage of their helpless condition to gratify their own lustful desires, are guilty of rape, though they use no more force than that involved in the carnal act, and though the woman offer no resistance to the consummation of their purpose."

*Gore v. State*, 119 Ga. 418, 424 (46 SE 671) (1903). Compare *Morrow v. State*, 13 Ga. App. 189 (79 SE 63) (1913), involving whether a fifteen-year-old girl lacked the mental capacity to intelligently assent to the act.

The same rule, that no more force need be used than that necessary to accomplish the carnal act, was held to apply to a sleeping female in *Brown v. State*, 138 Ga. 814 (1) (76 SE 379) (1912), and to an intoxicated one in *Evans v. State*, 67 Ga. App. 631 (21 SE2d 336) (1942). The rationale in the case of a drunken woman had previously been noted in *Gore*, supra, where the decision quoted Chief Justice Campbell: " 'It would be monstrous to say that these poor females are to be subjected to such violence, without the parties inflicting it being liable to be indicted. If so, every drunken woman returning from market, and happening to fall down on the road side, may be ravished at the will of the passers by.' " *Gore v. State*, supra at 424.

The continued application of the maxim was reaffirmed in *Smith v. State*, 161 Ga. 421, 423 (131 SE 163) (1925), a twenty-seven-year-old, *Mitchell v. State*, 190 Ga. 571, 574 (9 SE2d 892) (1940), a twenty-two-year-old and *Whitaker v. State*, 199 Ga. 344, 349 (34 SE2d 499) (1945), a nineteen-year-old. Even *Drake* recognized this established principle, supra at p. 234, and referred to it as constructive force, "that is, in the use of such force as is necessary to effect the penetration made by the defendant."

From this overview of the legal precedents it is clear that in rape (and perforce in sodomy) the force necessary to overcome the victim's resistance was the force meant by the statute. Since in one incapable of resisting or of consenting or dissenting there is no predicate in law for the showing of force as a reaction in resisting defendant, the force that must be shown is simply the force necessary to commit the sexual act on one whom the law views as, in fact, having no legal capacity to resist or deny consent. From the beginning this included children of tender years and under the age of criminal responsibility, and thereafter protection was broadened to encompass those with a similar inability to consent or resist. For example, in *Whitaker v. State*, supra, the nineteen-year-old found incapable of exercising free will was described as having a mental age of between 8 and 10. Certainly the need to apply such doctrine would be even more evident in the case of a five-year-old child.

In our view the language used by the Supreme Court in *Drake*, supra, concerning the irrelevancy of age with regard to force as to a nine-year-old was unnecessary since force (intimidation) was found. As has been demonstrated, the cases had uniformly recognized that age was a vital factor insofar as the amount of force necessary to commit the act. We decline to extend the scope of this dubious wording found in *Drake* and seized upon in *Hines*, supra, also involving a

nine-year-old, and do not apply it in the circumstances here. Furthermore, Presiding Judge Deen concurred in the judgment only in *Hines*, supra, and therefore, it being only a two-judge decision it does not have any precedential value and is not now binding on this court. Rule 35 (b); *Haynes v. Hoffman*, 164 Ga. App. 236, 237 (2) (296 SE2d 216) (1982).

We choose this course for two reasons: (1) the law, as a matter of policy, has always been concerned with the rights of children of tender years, especially those under seven,[1] in recognition of their lack of legal judgment or discretion and their inability to protect themselves; (2) here we deal with sodomy and its special statutory provisions and not with rape and its statutory scheme. We therefore conclude that the force required against a five-year-old, under the aggravated sodomy statute, is the force necessary to accomplish the act.

As to defendant's contention that the contact between his sexual organ and child's anus was not proved, it may be observed that the child described the act as "he put his ding-a-ling in my butt." She then pointed out on a doll where the contact occurred. The doctor who examined her a week later and found gonorrhea testified that "[i]t requires sexual contact." Defendant, who also had the disease, testified that the child rubbed herself on him while he was asleep, forcing this sex act on him, so that he must have contracted the disease from her. Thus his contention is baseless as a matter of fact; he is ignoring the evidence and even his own testimony.

When viewed in a light most favorable to the prosecution, the evidence was sufficient for a rational trier of fact to find the defendant guilty of the offense beyond a reasonable doubt.

2. Error is assigned on the failure to give a written request to charge which is not included as part of the record. From the colloquy between counsel and the trial court we may surmise that it was some part of OCGA § 16-6-4, child molestation. We know at least that it was not all of that section, however, because defendant does not contend that *aggravated* child molestation should have been included in the instruction.

Assuming that the request was an accurate statement of the law and that child molestation could be considered a lesser included offense of aggravated sodomy, the failure to give it in charge was not erroneous.

"[I]t is never error for a trial court to refuse to charge on a lesser included offense even though requested in writing when the evidence does not reasonably raise the issue that the defendant may be only

---

[1] See *Red Top Cab Co. v. Cochran*, 100 Ga. App. 707, 709 (112 SE2d 229) (1959), which held that a child six years old or less was incapable of contributory negligence.

guilty of the lesser crime." *Green v. State*, 175 Ga. App. 92, 94 (4) (332 SE2d 385) (1985). Thus, where under the evidence there were only two possible verdicts — guilty as charged or acquittal, it is not error to refuse the written request. *Beaman v. State*, 161 Ga. App. 129, 131 (4) (291 SE2d 244) (1982).

*Judgment affirmed. Deen, P. J., McMurray, P. J., and Pope, J., concur. Banke, C. J., and Deen, P. J., concur specially. Birdsong, P. J., and Sognier, J., concur in the judgment only. Carley, J., dissents as to Division 1 only. Benham, J., dissents.*

BANKE, Chief Judge, concurring specially.

In *Drake v. State*, 239 Ga. 232, 234-235 (236 SE2d 748) (1977), the Supreme Court cited with approval the following language from Wharton, Criminal Law & Procedure, § 307 (1957): "In the ordinary [rape] case, the force to which reference is made is not the force inherent in the act of penetration but is the force used to overcome the resistance of the female. When the victim is physically or mentally unable to give consent to the act, as when she is intoxicated, drugged, or mentally incompetent, the requirement of force is found in constructive force, that is, in the use of such force as is necessary to effect the penetration made by the defendant." Implicitly following such reasoning, we have consistently held that "[s]exual intercourse with a woman whose will is temporarily lost from intoxication, or unconsciousness arising from use of drugs or other cause, or sleep, is rape. [Cits.]" *Paul v. State*, 144 Ga. App. 106 (2) (240 SE2d 600) (1977). Accord *Brown v. State*, 174 Ga. App. 913 (331 SE2d 891) (1985).

Being only five years old, the victim in the case before us was legally as incapable of giving her consent to the defendant's actions as if she had been asleep or drugged. Therefore, in my view, proof of penetration itself constitutes proof of force. As the state's evidence was amply sufficient to establish penetration by the defendant of the victim's anus, I believe his conviction should be affirmed. That the legal effect of such reasoning is to make any act of anal intercourse with a child under 14 years of age an act of aggravated sodomy does not disturb me in the least.

I am authorized to state that Presiding Judge Deen joins in this special concurrence.

BENHAM, Judge, dissenting.

Few, if any, criminal acts consume reasonable men with more disgust and utter abhorrence than the sexual abuse of children. Despite our feelings, since we as a nation prefer the rule of law over giving vent to our emotions, I am obliged to say that a fair reading of the majority opinion leaves me with undispelled qualms which cause me to dissent.

1. Even though the facts as outlined by the majority opinion are abhorrent, we cannot let abhorrence alone be the light unto our path. When our duty is clear our resolve must be firm. Our light must come from the legal principles embodied in *Hines v. State*, 173 Ga. App. 657 (327 SE2d 786) (1985), and *Drake v. State*, 239 Ga. 232 (236 SE2d 748) (1977), and not from our emotions. Though the majority opinion refers to these cases, it quickly wanders off the correct azimuth and begins a discussion of the history of sex cases. While the historical perspective is interesting, it is of no moment in view of the Supreme Court's clear ruling on this issue in *Drake v. State*, supra. Stated in an unembellished manner, the issue is whether "force" is to be presumed when the sexual act of sodomy takes place between a child of tender age and an adult, thereby making every act of sodomy with a child aggravated sodomy. The majority says "yes," citing cases from 1852 to 1945. *Stephen v. State*, 11 Ga. 225 (15) (1852); *Gosha v. State*, 56 Ga. 36 (1) (1876); *Gore v. State*, 119 Ga. 418 (46 SE 671) (1903); *Brown v. State*, 138 Ga. 814 (1) (76 SE 379) (1912); *Morrow v. State*, 13 Ga. App. 189 (79 SE 63) (1913); *Smith v. State*, 161 Ga. 421 (131 SE 163) (1925); *Mitchell v. State*, 190 Ga. 571 (9 SE2d 892) (1940); *Evans v. State*, 67 Ga. App. 631 (21 SE2d 336) (1942); *Whitaker v. State*, 199 Ga. 344 (34 SE2d 499) (1945). Noticeably absent is any reference to *Carter v. State*, 122 Ga. App. 21 (176 SE2d 238) (1970).

I say "no," citing only the Supreme Court's definitive ruling on the issue in *Drake v. State*, supra. The majority chooses not to follow *Hines v. State*, supra, which relies on *Drake*, since it is a two-judge case and supposedly has no binding precedential value. The binding issue aside, *Hines* has value for the light it sheds on the subject. OCGA § 16-6-2 (a) provides: "A person commits the offense of aggravated sodomy when he commits sodomy with force and against the will of the other person."

While *Drake* concerns forcible rape, the language is no less compelling in an aggravated sodomy case which also requires force. *Drake*, at 233-234, states the following unequivocally: "[I]t will perhaps seem plain that . . . we erred in affirming a forcible rape conviction on a jury charge to the effect that when an act of sexual intercourse with a girl under 14 is shown, 'the law supplies the essential element of force' . . . That was incorrect . . . If the state desires to convict a defendant of forcible rape, it must prove the element of force by *acts* of force [or mental coercion] — age has nothing to do with it. Considerations of 'consent' and 'force' and 'against her will' are irrelevant in a statutory rape case, and the age of the victim is irrelevant in a forcible rape case except insofar as it may show her incapable of giving consent and thereby supply the 'against her will' element. Force must also be shown. . . ."

In the case-in-chief, the majority calmly states, "In our view the language used by the Supreme Court in *Drake*, supra, concerning the irrelevancy of age with regard to force . . . was unnecessary since force was found." Having discarded the clear language of *Drake* as surplusage, the majority makes the quantum leap from reason to rationalization by stating, "We therefore conclude that the force required against a five-year-old, under the aggravated sodomy statute, is the force necessary to accomplish the act." Such an interpretation amounts to the re-writing of a criminal statute, which is a legislative and not a judicial function. The soundness of the *Drake* decision in disavowing the use of a presumption to supply the essential element of force in a criminal case is evident in the language at 234: "Were the contrary true — that the victim's age supplies the element of *force* — then as a practical matter no one would be convicted of statutory rape because the state's case making out statutory rape also would make out forcible rape."

The United States Supreme Court has also refused to embrace any approach that allows a presumption to supply an essential element of a criminal offense as being impermissibly burden shifting. *Francis v. Franklin*, 471 U. S. ___ (105 SC 1965, 85 LE2d 344) (1985); *Sandstrom v. Montana*, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979). Finding this enumeration to have merit, I would reverse the conviction.

2. Appellant next contends that it was error to fail to charge on aggravated child molestation. OCGA § 16-6-4 (c) specifically provides: "A person commits the offense of aggravated child molestation when he commits an offense of child molestation which results in physical injury to the child or involves an act of sodomy." The majority's affirmance of the conviction in Division 2 has as its undergirding the belief that the issue of aggravated child molestation was not reasonably raised under the facts.

Since I would reverse the conviction for aggravated sodomy due to the absence of evidence of force, I would also consider it reversible error to refuse to charge on aggravated child molestation. "It is an elementary principle of criminal procedure, that no person can be convicted of any offense not charged in the indictment. There may, of course, be a conviction of a lesser offense than that expressly named in the indictment, where the former is necessarily included in the latter, and also in some cases in which the lesser is not so included in the greater offense but where the language used in the indictment is sufficient to embrace the smaller offense." *Goldin v. State*, 104 Ga. 549, 550 (30 SE 749) (1898).

I am authorized to state that Judge Carley joins in Division 1 of this dissent.

DECIDED JULY 15, 1986 —
REHEARING DENIED JULY 30, 1986 

*William Rhymer*, for appellant.
*Timothy G. Madison, District Attorney, T. David Motes, Assistant District Attorney*, for appellee.