75872. JOHNSON v. THE STATE.
(369 SE2d 48)

McMURRAY, Presiding Judge.

Defendant was convicted of rape and sentenced to serve 20 years in the penitentiary. Following the denial of his motion for new trial, he appeals. *Held*:

1. During closing argument, defense counsel stated that rape is a capital offense. The trial court interrupted and informed the jury that that was not the case: "[T]hat is a misstatement of the law, and I wouldn't want the jury mislead. This case does not involve a capital offense." Thereupon, following a bench conference, defendant moved for a mistrial. The motion was overruled.

In his first enumeration of error, defendant contends the trial court erred in interrupting his closing argument and overruling his motion for mistrial. Citing *Hicks v. State*, 256 Ga. 715 (352 SE2d 762), he argues that rape is a capital felony and the trial court was in error when it stated otherwise. We disagree.

In *Hicks v. State*, 256 Ga. 715, 727 (19) (b), supra, the Supreme Court pointed out that rape is a capital offense for purposes of determining statutory aggravating circumstances under the death penalty statute (OCGA § 17-10-30). This is because rape was a capital offense when the death penalty statute was enacted. See *Crawford v. State*, 254 Ga. 435, 440 (5) (330 SE2d 567). Thus, in the context of OCGA § 17-10-30 (b), rape is a capital felony. *Hicks v. State*, 256 Ga. 715, 727 (19) (b), supra. Rape is not, however, a capital offense in the context of this case. See OCGA § 16-6-1. It cannot be said, therefore, that the trial court erred in interrupting defense counsel's closing argument and denying defendant's motion for mistrial. See *Hill v. State*, 239 Ga. 799 (1) (239 SE2d 15).

2. The trial court did not abuse its discretion by sustaining the State's objection to defense counsel's mention of another rape case during closing argument. *Maynard v. State*, 171 Ga. App. 605, 607 (3) (320 SE2d 806). Defendant's second enumeration of error lacks merit.

3. The trial court did not err in charging the jury that sexual intercourse with a woman who is temporarily without will, due to unconsciousness arising from sleep, is rape. *Paul v. State*, 144 Ga. App. 106 (2) (240 SE2d 600). The charge was adjusted to the evidence.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED APRIL 11, 1988 —
REHEARING DENIED APRIL 25, 1988 — 

*Randall M. Clark*, for appellant.

*Glenn Thomas, Jr.*, District Attorney, *Robert L. Crowe*, Assistant District Attorney, for appellee.