**THIRD DIVISION**
**DILLARD, P. J.,**
**GOBEIL and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**August 23, 2019**

# In the Court of Appeals of Georgia

A19A1064. JOHNSON v. THE STATE.

DILLARD, Presiding Judge.

Following a trial by jury, John Thomas Johnson was convicted of aggravated sexual battery. Johnson appeals from this conviction, arguing only that the evidence was insufficient to sustain his conviction. For the reasons set forth *infra*, we affirm.

Viewed in the light most favorable to the verdict,[1] the record shows that the victim was friends with Johnson's adult son and, on the afternoon of May 31, 2016, went to the house where Johnson's son and ex-wife lived. The victim occasionally socialized with Johnson's ex-wife and was doing so on the day in question when

---

[1] *See, e.g.*, *Jordan v. State*, 317 Ga. App. 160, 162 (730 SE2d 723) (2012) ("[W]e view the evidence in the light most favorable to the jury's verdict, and [the defendant] no longer enjoys a presumption of innocence."); *DeLong v. State*, 310 Ga. App. 518, 519-20 (714 SE2d 98) (2011) (same).

Johnson invited his ex-wife over for a beer at his house about two blocks away. The victim went along too, and the three then drank alcohol and smoked marijuana. But after consuming half a bottle of Jack Daniels and some Wild Turkey, the victim began to feel sick. Johnson's ex-wife was "scared for her" and "majorly worried" that the victim might become "deathly ill." As a result, Johnson and his ex-wife helped the victim to the bathroom, where she vomited. They then led the victim to the guest bedroom to lay down, where she lost consciousness shortly thereafter. Johnson's ex-wife stayed for a while, continuing to talk with Johnson in the other room. Eventually, Johnson's ex-wife left to go home and fix dinner; but before doing so, she warned Johnson not to bother the victim,[2] stating, "don't touch her."

The victim regained consciousness when she felt someone—who she later realized was Johnson—lie down beside her on the waterbed and begin rubbing her back. She then felt a hand rubbing her bottom and unbuttoning her pants before digitally penetrating her vagina. At that point, the disoriented victim said "no" and grabbed Johnson's hand. Johnson said "ok, ok," and rubbed the victim's back again, before repeatedly telling her that he was going to perform oral sex on her. The victim

---

[2] The victim had driven separately from Johnson's ex-wife, and the ex-wife left the victim's belongings at Johnson's house when she went home.

then became fully aware of who was touching her and, when he again attempted to touch her vagina, she moved his hand and got up from the bed.

As the victim went to find her phone, Johnson followed along and attempted to calm her down. Understandably, she was afraid to call the police in front of him, so she instead texted Johnson's son, pleading with him to come get her. Eventually, she walked away from the home on her own and called Johnson's ex-wife. Johnson's ex-wife and his son then picked the victim up in front of a church, and immediately noticed that her pants were still unbuttoned, she was not wearing shoes, she was "genuinely distressed," and she was still intoxicated to the point of slurring words.

Johnson was later tried for and convicted of aggravated sexual battery, and the trial court denied his motion for new trial. Now, he challenges only the sufficiency of the evidence.

On appeal from a criminal conviction, we view the evidence in "the light most favorable to the jury's verdict, and the defendant is no longer presumed innocent."[3] Thus, in evaluating the sufficiency of the evidence, we do not assess witness credibility or weigh the evidence, but only determine "if the evidence was sufficient

---

[3] *New v. State*, 327 Ga. App. 87, 89 (755 SE2d 568) (2014) (punctuation omitted); *accord Goolsby v. State*, 299 Ga. App. 330, 330 (682 SE2d 671) (2009).

3

for a rational trier of fact to find the defendant guilty of the charged offenses beyond a reasonable doubt."[4] And the verdict will be upheld so long as there is "some competent evidence, even though contradicted, to support each fact necessary to make out the State's case."[5] With these guiding principles in mind, we turn to Johnson's sole enumeration of error.

Johnson argues that the evidence was insufficient to prove him guilty of the offense of aggravated sexual battery, which is perpetrated when a person "intentionally penetrates with a foreign object the sexual organ or anus of another person without the consent of that person."[6] Specifically, Johnson claims that when he inserted his finger into the victim's vagina, the encounter was consensual because she was conscious and responded positively to his earlier advances by arching her back to make herself more accessible. But the victim definitively testified that, although her initial instinct was that Johnson's touches felt good, she was "so out of

---

[4] *New*, 327 Ga. App. at 89 (punctuation omitted); *accord Goolsby*, 299 Ga. App. at 330-31.

[5] *New*, 327 Ga. App. at 89 (punctuation omitted); *accord Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001).

[6] OCGA § 16-6-22.2 (b); *see also* OCGA § 16-6-22.2 (a) ("For the purposes of this Code section, the term 'foreign object' means any article or instrument other than the sexual organ of a person.").

4

it," she "didn't know what was going on at first," she only became fully conscious and "realized something was wrong" when "he went in," and she did not enjoy it when he made contact with her vagina.

As we have previously explained, whether a victim consents to sex is "a matter solely within the province of the jury."[7] And while a defendant

> is not required to 'read the victim's mind' or understand her internal thought processes; he is . . . required not to impose sex upon her without her free consent. Whether he did so is a question of intent, which the jury determines according to the reasonableness of her testimony as to lack of consent, not the reasonableness of her fear.[8]

---

[7] *Chester v. State*, 328 Ga. App. 888, 889 (1) (763 SE2d 272) (2014) (punctuation omitted); *accord Littleton v. State*, 225 Ga. App. 900, 901 (485 SE2d 230) (1997); *see Clark v. State*, 261 Ga. 311, 311 (404 SE2d 787) (1991) ("The question is not whether the victim's testimony as to her lack of consent is reasonable; nor is it whether the victim's apprehension was reasonable. The question is whether the state has proven, beyond a reasonable doubt, that the acts of the accused were not freely consented to by the alleged victim. *This is a question of fact for the jury to decide*") (emphasis supplied); *see also Melton v. State*, 282 Ga. App. 685, 690 (2) (a) (639 SE2d 411) (2006) ("With regard to consent, the State had the burden of proving beyond a reasonable doubt that the victim's disability rendered her incapable of knowing and intelligent consent to the alleged sexual act, and whether or not the State had discharged this burden was for the jury to decide." (punctuation omitted)); *accord Durr v. State*, 229 Ga. App. 103, 104 (1) (493 SE2d 210) (1997).

[8] *Chester*, 328 Ga. App. at 889 (1) (punctuation omitted); *accord Clark v. State*, 197 Ga. App. 318, 321 (3) (398 SE2d 377) (1990).

In the context of forcible rape, the Supreme Court of Georgia has held that when the State has proven beyond a reasonable doubt that the victim is "physically or mentally unable to give consent to the act, as when she is intoxicated, drugged, or mentally incompetent, the requirement of force is found in constructive force, that is, in the use of such force as is necessary to effect the penetration made by the defendant."[9] Thus, sexual intercourse with a woman whose "will is temporarily lost from intoxication or unconsciousness arising from the use of drugs or other cause or sleep is rape."[10]

---

[9] *Drake v. State*, 239 Ga. 232, 234-35 (1) (236 SE2d 748) (1977), *superseded by statute on other grounds as stated in Loyd v. State*, 288 Ga. 481, 492 (4) (c) (705 SE2d 616) (2011); *accord Ray v. State*, 345 Ga. App. 522, 525-26 (3) (b) (812 SE2d 97) (2018), *overruled on other grounds by State v. Burns*, __ Ga. __ (829 SE2d 367) (Ga. June 10, 2019); *Cook v. State*, 338 Ga. App. 489, 492-93 (2) (790 SE2d 283) (2016); *Mayes v. State*, 336 Ga. App. 55, 58 (1) (783 SE2d 659) (2016); *Demetrios v. State*, 246 Ga. App. 506, 507 (1) (a) (541 SE2d 83) (2000), *overruled on other grounds by White v. State*, 305 Ga. 111 (823 SE2d 794) (2019); *Durr v. State*, 229 Ga. App. 103, 103 (1) (493 SE2d 210) (1997), *cert. denied*. (Ga. Mar. 6, 1998); *see also Gore v. State*, 119 Ga. 418, (46 SE 671) (1904) ("In the language of Lord Chief Justice Campbell . . : 'It would be monstrous to say that . . . [women] are to be subjected to such violence, without the parties inflicting it being liable to be indicted. If so, every drunken woman returning from market, and happening to fall down on the roadside, may be ravished at the will of the passers-by.'"); *Cooper v. State*, 180 Ga. App. 37, (348 SE2d 486) (1986) (same), *overruled on other grounds by Brewer v. State*, 271 Ga. 605 (523 SE2d 18) (1999).

[10] *Cook*, 338 Ga. App. at 493 (2); *accord Johnson v. State*, 186 Ga. App. 891, 891 (3) (369 SE2d 48) (1988); *Brown v. State*, 174 Ga. App. 913, 913 (331 SE2d 891) (1985); *Paul v. State*, 144 Ga. App. 106, 106 (2) (240 SE2d 600) (1977); *Evans v. State*, 67 Ga. App. 631, 631 (21 SE2d 336) (1942); *see also Watson v. State*, 235

Although a majority of states do not criminalize conduct when a victim has become voluntarily intoxicated by drugs or alcohol,[11] Georgia is *not* such a state.[12]

Ga. 461, 464 (3) (219 SE2d 763) (1975) ("The appellant also enumerates as error the trial court's charge to the effect that if the jury found the prosecutrix had been rendered insensible by intoxicating beverages the jury could additionally find that she was incapable of consent to the intercourse. The argument presented is that this charge was not authorized by the evidence. We believe the evidence authorized this charge and this enumeration of error is without merit.").

[11] Allison C. Nichols, Note, *Out of the Haze: A Clearer Path for Prosecution of Alcohol-Facilitated Sexual Assault*, 71 N.Y.U. ANN. SURV. AM. L. 213, 229 (II) (2015) ("[T]he majority of states still decline to criminalize conduct in which the victim was intoxicated due to drugs and alcohol she voluntarily consumed . . . ." (footnote omitted)); *id.* at 222 (I) (A) ("More than half the states continue to follow a rule similar to the Model Penal Code, which holds that the defendant is culpable if he 'substantially impaired the victim's power to appraise or control her conduct by administering or employing without her knowledge drugs, intoxicants or other means for the purpose of preventing resistance.' These states plus the District of Columbia provide that the victim's intoxication supplies the force, non-consent, or resistance elements of sexual assault only if the intoxicant was administered without the victim's knowledge or consent." (footnote & punctuation omitted))

[12] *Id.* at 242-43 (II) (C) (noting that "[o]nly a few states in the country entirely omit any mention of intoxicants from their rape law provisions," that "[c]ourts in those states are faced with the decision of whether to protect the voluntarily intoxicated through broad interpretations of other elements of the state's rape law," and that Georgia is such a state); *see also* Patricia J. Falk, *Rape by Drugs: A Statutory Overview & Proposals for Reform*, 44 ARIZ. L. REV. 131, 171-72 (III) (A) (5) (Spring 2002) ("Two states, Georgia and Massachusetts, and the Uniform Code of Military Justice, . . . [have] rape statutes [that] do not include drugs or use language describing various forms of victim incapacitation. Instead, these jurisdictions rely on case precedent for coverage of cases involving the sexual assault of intoxicated persons. Georgia's sexual offense statutes are completely silent on the issue of intoxicants;

Indeed, under our well-established case law, when a victim is "intoxicated, drugged, or mentally incompetent" and her "will is temporarily lost from intoxication or unconsciousness arising from the use of drugs or other cause," she is "physically or mentally unable to give consent to the act" of sexual intercourse.[13] We see no reason why this same logic should not apply to sexual battery. And here, the State presented sufficient evidence by which the jury was authorized to conclude that the victim was intoxicated to the point her will was temporarily lost. Indeed, the victim vomited, required assistance to walk, and lost consciousness.[14]

Thus, in light of the victim's level of intoxication in this case, the jury was presented with evidence by which it could determine that she was unable to consent

---

they do not contain language dealing with mental incapacitation, consent, or force with respect to alcohol or drugs.").

[13] *See supra* notes 9-10 & accompanying text; *see also* Falk, 44 ARIZ. L. REV. at 172 (III) (A) (5) (noting that, in *Drake v. State*, the Supreme Court of Georgia "provided a judicial gloss to Georgia's rape statute"). Although the relevant language of *Drake* comes from a treatise, *see* 239 Ga. at 234-35 (1) (quoting 1 Wharton, CRIMINAL LAW AND PROCEDURE § 306 (1957)), we have consistently relied upon this language, *see supra* note 9 (collecting citations), and it has never been disapproved of or otherwise overruled by our Supreme Court.

[14] *See Cook*, 338 Ga. App. at 491-92 (1) (holding that, in context of forcible rape, that victim's "testimony that she was in and out of consciousness when [defendant] had sexual intercourse with her was sufficient").

to Johnson's act of penetrating her vagina with his finger—*i.e.*, that he did so *without* her consent to the act.[15] Accordingly, we affirm his conviction.

*Judgment affirmed. Gobeil and Hodges, JJ., concur*.

---

[15] *See supra* notes 9-10 & accompanying text; *see also People v. Smith*, 120 CalRptr3d 52, 58 (III) (Cal. Ct. App. 2010) ("Because a person who is unconscious or too intoxicated to give consent cannot consent to a sexual touching, the touching of such a person is necessarily against the will of that person." (punctuation omitted)); *Commonwealth v. LeBlanc*, 900 NE2d 127, 133 (2) (Mass. App. Ct. 2009) (noting that, in case in which defendant argued the State failed to prove that "because of [victim's] consumption of drugs and alcohol, the complainant was incapable of consenting to sexual intercourse and sexual battery," that when "drugs or alcohol are concerned, it is important to emphasize that consumption or even intoxication by itself is not the issue" and "[t]he question instead is whether, as a result of the complainant's consumption of drugs, alcohol, or both, she was unable to give or refuse consent" (punctuation omitted)).